MARY COHN *v.* CITY AND TOWN OF HARTFORD.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 5—decided March 6, 1942.

*Morton E. Cole,* with whom, on the brief, was *Cyril Cole,* for the appellant (plaintiff).

*John B. Lee,* with whom, on the brief, were *Vincent W. Dennis* and *Harold Bordon,* for the appellee (defendant).

JENNINGS, J. This action is apparently an application to the Superior Court under General Statutes, Cum. Sup. 1935, § 375c, although certain of the claims for relief go beyond any which are ordinarily or perhaps can properly be sought in this type of action. Section 375c provides in part that "When it shall be claimed . . . that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof , , , may , , , make ap-

plication for relief to the superior court. . . . In all such actions, the superior court shall have power to grant such relief upon such terms and in such manner and form as shall to justice and equity appertain." After issue was joined the case was referred to a state referee and there ensued a series of reports and remonstrances which finally resulted in a judgment for the plaintiff reducing the valuation of her property. She was dissatisfied with the amount of the reduction and appealed to this court. While the assessments from 1932 to 1939, inclusive, were involved, that of 1932 was alone considered, it being agreed that the evidence on that appeal should apply to all cases. Similarly, by stipulation, the record in the appeal from the 1939 assessment only was printed and the same judgment is to be entered in the other cases.

The property involved consists of a building and land on the east side of Main Street in Hartford at the corner of Pleasant Street. While error is assigned in this appeal from the assessment on the building, it is not pursued in the brief and may be disregarded. The land was assessed from 1921 to 1928 at $58,300. In 1932 the rear portion of the lot, containing about half of the area, was deeded to Cyril Cole, Trustee, and since 1930 this portion has been separately assessed at $7,875. In 1928-1929 the city widened Main Street by taking portions from eighteen properties on the easterly side of the street, including the property of the plaintiff, the portion taken from the latter being a strip along the entire frontage varying in depth from seven and fourteen one-hundredths feet at one end to about twenty-eight feet on the other. In 1929 the plaintiff's lot was assessed at $255,277 and in 1930 and 1931 at $204,282. The plaintiff appealed from the 1930 and 1931 assessments, and the value of the land for the purposes of taxation was ultimately fixed by

the judgment of the Superior Court at $70,861. In 1932 the assessors increased the assessment on the land to $97,428, and this figure has remained substantially unchanged in the assessments made from 1933 to 1939, inclusive. After the widening, benefits were assessed against the property on both sides of Main Street and damages were awarded to the owners on the east side, including the plaintiff, whose property was taken. The total amount of these awards to property owners was: benefits, $816,189; damages, $2,-040,207.51. The plaintiff was awarded $127,504.15 damages and received a net amount of $90,451.15. The assessments of seventeen owners on the east side of Main Street were greatly increased in 1929. The assessments on the property on the west side were not materially changed after the widening.

The referee heard testimony on eight different days and there was a wide divergence in the conclusions reached by the various experts who testified. On the whole evidence the referee concluded that the valuation fixed by the Superior Court in 1932, $70,861, was the full, true and actual value of the plaintiff's land for taxation in 1930 and 1931 and that land values on Main Street have remained essentially unchanged from 1931 to and including 1939. He also concluded that the plaintiff was intentionally discriminated against in the assessments made upon her property from 1932 to 1939 and that they were "manifestly excessive, and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property" for taxation. The report was eventually accepted and judgment rendered in accordance therewith.

The claim of the plaintiff appears to be that since there has been no general reassessment in Hartford since 1921 and since the value of land on this section

of Main Street has remained substantially the same from 1932 to 1939 and since the assessment on the property on the west side of the street has remained constant since 1921, the assessment on her property should be the same as in 1928, when all were assessed on a 100 per cent basis, less the value placed on the rear portion deeded to Cyril Cole, Trustee, in 1932, and less the value of the front portion taken in the widening. The claim ignores at least two important factors which distinguish this case from *Randell* v. *Bridgeport*, 63 Conn. 321, 28 Atl. 523, relied on by the plaintiff. The physical changes on the east side of Main Street were extensive. The property owners claiming damages for the portion of their land taken for the widening must have claimed high value for it. In the case of the plaintiff, she was awarded damages of $127,504.15 for the small portion of land taken when the whole tract had only been assessed at $58,300. In view of these figures the assessors may properly have concluded that the assessment of property on the east side was too low.

The appeals from the 1930 and 1931 assessments were fully tried in the Superior Court. The files, which are exhibits in this case, indicate that the plaintiff had every opportunity to present any claims she had with reference thereto, and in view of the great discrepancy in the values placed on the property by the experts testifying in this trial, and perhaps even without that element, the referee was justified in finding that the judgment on those appeals was res judicata as to the value of the property at that time. His further finding that there was no material change in the values on Main Street between that time and 1939 is decisive of the plaintiff's appeal. The amounts paid for benefits and damages as a result of the widening, together with the maps and pictures among the

exhibits which we are entitled to consider under the stipulation filed, indicate that the project was a large one, even for Hartford, and that the assessors were fully justified in revaluing the eighteen properties directly affected. The claim of discrimination against the plaintiff, which was sustained, was obviously given effect in reducing the assessment from $97,428 to $70,-861. Furthermore, it is difficult to reconcile the present attitude of the plaintiff with her first claim for relief in her complaint. This requests, in effect, that the assessment be reduced to $70,861 and that the assessors be enjoined against raising the assessment above this amount in the future. It would seem that the plaintiff by the judgment gets all that she asks for in this prayer for relief except an injunction. An injunction against raising this assessment in the future cannot, of course, be granted because the assessors must take into account any changed conditions which may occur.

It is unnecessary to consider the other prayers for relief.

There is no error.

In this opinion the other judges concurred.