[No. 32117.   Department One.   November 20, 1952.]

DUVEN LUJAN *et al., Respondents,* v. JESSE SANTOYA *et al.,*
*Appellants.*[1]

[1]Reported in 250 P. (2d) 543.

*Cheney & Hutcheson,* for appellants.

*Joseph C. Murphy,* for respondents.

MALLERY, J.—The plaintiffs are husband and wife, and brought this action for personal injuries, medical expenses, damage to their automobile, and salary loss against the owner and the driver of a 1950 diesel semitrailer, with which they collided on U. S. highway 97 on the "Big Super" curve in Satus Pass. The collision occurred at eight a. m., on November 28, 1950. Both vehicles were lighted, although it was daylight. The weather was cold, and the highway extremely icy. The highway is hard surfaced, twenty-four feet wide, and has graveled shoulders and guard rails on both sides of the "Big Super." The "Big Super" is a sharp curve which is elevated two feet six inches on its outer side. A cross section of the road thus has a ten per cent grade.

Defendant Santoya was driving downgrade on the inside of the curve. Plaintiffs were driving upgrade on the outside. The tractor and trailer jackknifed, and the trailer swung over into plaintiffs' lane of travel, that is, it skidded up the incline toward the outer edge of the curve. After striking the left front of plaintiffs' 1947 Ford coupe, the semitrailer was driven to a straight stretch in the highway, where it was parked. The Ford coupe, after the collision, slid across the highway and came to rest with the front end entangled in the guard rails on the inside edge of the curve. It was a total wreck.

From a judgment for plaintiffs, the defendants appeal.

Both negligence and contributory negligence were questions for the jury under the facts of the case as outlined above, and defendants' assignments of error directed to their motions to dismiss and for a directed verdict are without merit.

The trial court gave two instructions defining the degree of care which must be exercised with regard to the

speed of vehicles upon the highway. Defendants assign the giving of these instructions as error, because of the absence of any specific testimony of excessive speed on their part. This is not conclusive upon the question. Whatever the speed of the semitrailer, it was fast enough to produce sufficient centrifugal force to move the trailer up the incline toward the outer edge of the curve, and into plaintiffs' lane of travel. Since the instructions complained of defined the relation between permissible speed and due care under the prevailing circumstances, we hold they were properly given.

Defendants contend that the judgment should not have included plaintiffs' costs, because they were not prayed for in the complaint, and rely upon *Olwell v. Nye & Nissen Co.*, 26 Wn. (2d) 282, 173 P. (2d) 652, 169 A. L. R. 139. The citation is not in point, because it involved a judgment in excess of the prayer for *compensatory damages*. The allowance of costs, on the other hand, is governed by statute. A prayer for them is unnecessary. 14 Am. Jur. 6, § 6; RCW 4.84.010 [*cf.* Rem. Rev. Stat., § 474]; and RCW 4.84.030 [*cf.* Rem. Rev. Stat., § 476].

Defendants assign error upon the trial court's refusal to give their requested instruction No. 9, but since it is not set out in the brief, we will not consider it. See Rule on Appeal 42 (1) (f), 34A Wn. (2d) 44.

Defendants assign as error the trial court's refusal to substantially reduce the amount of the verdict. The total judgment for personal injuries to both plaintiffs, damage to their car, medical expenses, and for salary loss aggregates $4,365. It may very well be that the personal injuries were not as severe in this case as frequently result from automobile collisions. A motion to reduce a verdict on the ground that it is excessive is addressed to the sound discretion of the trial court. *Nagala v. Warsing*, 36 Wn. (2d) 615, 219 P. (2d) 603; *Reynolds v. Donoho*, 39 Wn. (2d) 451, 236 P. (2d) 552. From an examination of this record, we are not prepared to say that the trial court abused its discretion. We, therefore, do not disturb the judgment.

■ Defendants assign as error the reception in evidence of certain statements made by defendant Santoya at the scene of the accident, upon the ground that they were not properly a part of the *res gestae*. These statements were made to plaintiff Lujan, Elmer McLeod, and Norman Prince. They were admissible as admissions. This is sufficient. It is, therefore, unnecessary to discuss their admissibility on the additional ground of being part of the *res gestae*. 1 Jones on Evidence (4th ed.) 452, § 236.

■ Defendants assign as error the sustaining of objections to certain testimony of officer H. D. Pruitt, of the state highway patrol, but fail to point out in their brief what specific objections are the ones in question. For this reason, we cannot consider the assignment.

■ Defendants assign as error the trial court's refusal to strike plaintiff Lujan's testimony that one Garcia was sleeping at the time of the collision. It is now asserted that the testimony was hearsay, not within the personal knowledge of the witness, and not responsive to the question, all of which is true. If this had been called to the trial court's attention at the time, it would presumably have ruled correctly upon the present objection. At the time, counsel said, "Well, we object and move to strike that, Your Honor." That was too indefinite to sustain the present assignment of error. *Rowe v. Dixon,* 31 Wn. (2d) 173, 196 P. (2d) 327.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.

———————

March 12, 1953. Petition for rehearing denied.