STATE OF CONNECTICUT (DEPARTMENT OF MENTAL
HEALTH) *v.* STELLA CHOLEWINSK ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 129596
                        AT BRIDGEPORT

Memorandum filed December 11, 1967

*Robert K. Killian,* attorney general, and *Raymond J. Cannon,* assistant attorney general, for the plaintiff (state).

*David Goldstein,* of Bridgeport, for the defendants.

MURPHY, STATE REFEREE. In the acquisition of a site in Bridgeport for a mental health center, the state on March 15, 1967, instituted this action under the provisions of General Statutes § 48-12 for the ascertainment of the compensation which should be paid to the named defendant for her property at 68 Mead Street and a determination of the encumbrance thereon of the defendant bank. At a hear-

ing on October 30, 1967, the parties appeared and presented evidence to sustain their respective claims.

From consideration of all of the evidence and after viewing the property, I conclude that the fair and reasonable value of the property described in the complaint is $24,000 and render judgment accordingly.

The Mechanics and Farmers Savings Bank of Bridgeport holds a mortgage on the property upon which there is an unpaid balance of $1550. Interest thereon has been paid in advance to April, 1968. The bank in its answer acknowledges payment in full a $500 mortgage which apparently has not been released in the land records.

In the 1967 session of the General Assembly, several public acts were enacted which present an interesting legal question with respect to recovery from the state of the expenses incurred by the property owner in the employment of real estate appraisers. These acts became effective on October 1, 1967. Had judgment been entered before that date, the defendant would have been obliged to bear that expense. *Waterbury* v. *Macken,* 100 Conn. 407, 413; *Housing Authority* v. *Pezenik,* 137 Conn. 442, 449.

The procedure in this case was in accordance with the provisions of § 48-12, the general condemnation statute. It differs from the procedure for highway condemnations, §§ 13a-73 and 13a-76, and that prescribed under the eminent domain authority in urban redevelopment. §§ 8-128—8-133. In both highway and redevelopment acquisitions, reasonable appraisal fees are awarded by the court and taxed as costs where the monetary judgment exceeds the value placed by the condemning authority on the property. Such will be the case in general condem-

nations under § 48-12 which are instituted after October 1, 1967, because 1967 Public Act No. 808 applies the redevelopment procedure to them. Had the legislature specifically included the right to recover appraisal fees in general condemnations pending in court on October 1, 1967, there would be no problem.

In addition to Public Act No. 808, the defendant asserts that Nos. 89 and 273 of the 1967 Public Acts fortify her claim for appraisal fees. I do not think that No. 89 applies. This is not an action affecting title to real estate. There is no dispute about ownership. The only question is its value. And as the statute is in the conjunctive, both a title search and an appraisal are required when title is involved. See *Cohn* v. *Hartford,* 9 Conn. Sup. 425, 426; *Cohn* v. *Hartford,* 128 Conn. 669.

It seems to me that when the last sentence in No. 273 of the 1967 Public Acts is read in conjunction with General Statutes § 8-133 as it applies to general condemnations under No. 808 of the 1967 Public Acts, the property owner is entitled to recover reasonable appraisal fees. The condemnation of private property for a public purpose is a civil action. *Pettis* v. *Pomfret,* 28 Conn. 566, 570. Costs are the creature of statute and taxation of them relates to procedure only. The right to costs depends upon the statutes in force at the termination of the action and not those in force when it was commenced. *Lew* v. *Bray,* 81 Conn. 213, 217. And as the statutes clearly provide for them, the court has the authority to tax them. *Waterbury* v. *Macken,* supra. The legislature has placed all condemnees on an equal footing where the sovereign causes the property owner to incur extraordinary expense to assure fair remuneration when the sovereign exercises eminent domain.

The defendant used two appraisers. Johnson, a construction consultant, and Lefsetz, a real estate appraiser who based his reproduction estimate on Johnson's figures. Because of the age of this structure, reproduction costs today would be purely speculative. The comparable land sales used are of no value because of location and failure to include information of the improvements on the land at the time of sale.

There are no photographs or adequate descriptions of the comparables used in the market data approach. The trier had to view all of them to evaluate fully the meager information provided. Two hundred dollars is fair compensation for Johnson and $275 is more than adequate for Lefsetz for their appraisals and court appearance. The state claims that, as there was no award by the condemnor under the procedure used here, appraisal fees should not be allowed. The complaint alleges inability of the parties to agree on a purchase price. To me that means that the demand was greater than the offer. I construe the offer under § 48-12 to be synonymous with the amount of compensation determined by the redevelopment agency under § 8-133. Should the state desire a special finding on this point, I shall reopen the matter for additional evidence.

Judgment may be entered in accordance herewith.