[No. 1356-1. Division One—Panel 1. April 16, 1973.]

HOS BROTHERS BULLDOZING, INC., *Respondent,* v. HUGH S. FERGUSON Co., *et al., Appellants.*

*Reaugh, Hart, Allison, Prescott & Davis* and *Keith R. Baldwin,* for appellants.

*Richard C. Carrithers,* for respondent.

SWANSON, C.J.—Hos Brothers Bulldozing, Inc. ("Hos Brothers") contracted with Hugh S. Ferguson Company ("Ferguson")[1]

> [t]o furnish and dump w[h]ere directed, sandy fill material as approved by Pat Kinnear on April 8, 1970. Total to be approximately 30,000 cubic yards, delivered in 9 cu.yd. or 18 cu.yd. loads, for the total sum of $0.75/cu.yd. Daily truck totals to be submitted to Pat Kinnear for signed approval.

While the job was in progress Hos Brothers billed Ferguson for 31,256 cubic yards of fill material at a cost of $23,442. After a minor adjustment in the total figures, this bill was paid. Subsequently, Hos Brothers delivered more fill material in order to complete the job, and then billed Ferguson in the amount of $14,904 which it claimed was owing for additional fill totaling 19,872 cubic yards. Ferguson refused to pay this second billing, and thereafter Hos Brothers filed a lien against the property on which the fill was placed and brought the foreclosure action which is the subject of this appeal. The trial court found:

> Plaintiff [Hos Brothers] delivered and placed 51,120 cubic yards of fill material as called for in the contract on the real property described in Exhibit A during the period of May 5 through June 12, 1970, said total yardage being reflected by signed delivery receipts or truck totals, signed by Ferguson's agent.

---

[1]Ferguson and all named defendants appeal; however, for purposes of this opinion, Ferguson will be referred to as if it were the sole appellant.

Finding of fact No. 4. The trial court also found that Hos Brothers was owed $14,904 for 19,872 cubic yards of fill material delivered but not paid for, and entered judgment against Ferguson in that amount, plus interest at the rate of 8 percent per annum from November 4, 1971, the date of the judgment. The trial court's judgment also included an award of an attorney's fee of $4,000.

Ferguson appeals from the judgment as entered, assigning error to all relevant findings of fact and conclusions of law, and Hos Brothers cross-appeals from the judgment insofar as it fails to award interest from the date of filing the notice of lien instead of from the date of the judgment.

Appellant Ferguson's primary contention is that the finding of the trial court that respondent Hos Brothers delivered a total of 51,120 cubic yards of fill material is not supported by substantial evidence. Ferguson argues that measurement of the cavity into which the material was placed, taking into account various physical characteristics of both the fill material and the underlying soil, indicates that it could not possibly contain the amount of fill material the trial court found was placed there. The trial judge carefully considered this argument as indicated by the following excerpts from his oral opinion:

The defense is that there just isn't that much dirt there. . . .

We have this dispute then how much dirt was delivered. I respect the testimony of the experts and I respect the scientific methods that they have used, and those methods are designed to avoid an expense of the only accurate measure of finding out how much dirt was there and that would be to go out there with loaders and dig up all that dirt and see how many trucks it would fill and count them. And, of course, that would be prohibitive . . .

The evidence of these scientific methods indicates that there are many factors which affect the result of the computation. Some of these factors involve elements or factors of error. And it's rather interesting that no two of these calculations come out with the same figure. . . .
Then finally we had the testimony this morning of Mr.

Zeman, and it seems to me that that possibly contains the explanation of most of the discrepancy between the figure of 51,000 yards of actual deliveries and the 28,710 computed by Mr. Ekre. That 28,710, as I understand it, is compacted material, and it was calculated on the basis of the measurements and elevations taken by him after the fill was complete. Now Mr. Zeman said that in his opinion shrinkage from truck, from the material as contained in the truck as to the compacted fill would run somewhere between 30 and 60 per cent and that there was no precise figure that you could take because of the number of variables.

Well, just to see what would happen, just assume 60 per cent shrinkage of the 51,000 yards delivered. Sixty per cent of that would come to 30,600 yards. So that the 51,000 cubic yards delivered could shrink down to 20,400 yards. And Mr. Ekre found 28,000. If the shrinkage were 31 per cent, which was the figure obtained by actual measurement of one load, one truck load taken from the, I think it was the Brill pit, wasn't it, which he thought was the densest material and would contain the least shrinkage, 31 per cent of 51,000 is 15,810 cubic yards. So the 51,000 cubic yards delivered after compaction at that rate would come to 32,200 cubic yards in place and compacted. If you take the ten per cent error that everyone concedes is involved in the computation method and add that onto Mr. Ekre's 28,710 you would get 31,580, which is awfully close to the 32,200. And then there are other variable factors. I don't say that this all shrunk to the extent of 31 per cent, and Mr. Zeman didn't say that, but it does tend to account for the difference between the actual deliveries as testified to by the plaintiff's truck drivers and okayed by Mr. Kinnear and the calculations made by the defendants' experts.

In short, although Ferguson did offer expert testimony to dispute the amount of material Hos Brothers claimed was delivered to the site, such testimony was not conclusive. Further, the trial court's finding that all of the deliveries were approved by appellant's agent is supported by substantial evidence. We conclude that the record contains substantial evidence to support the trial court's findings and conclusions pertaining to its judgment against Ferguson in the amount of $14,904.

■ Appellant also contends that the trial court erred in awarding to the respondent an attorney's fee of $4,000. RCW 60.04.130, applicable to the foreclosure of material-men's liens, provides in part:

> The court may allow to the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the superior court . . .

It is clear that, under this statute, the trial court had the power to award attorney's fees to the respondent. *Swenson v. Lowe,* 5 Wn. App. 186, 486 P.2d 1120 (1971). Appellant's primary contention is that the award of an attorney's fee of $4,000 on the judgment of $14,904 is excessive and constitutes an abuse of the trial court's discretion. He argues that respondent should be limited to a fee of $1,500, the amount prayed for in his complaint. We disagree. Except in the case of a default judgment, every final judgment may grant the relief to which the prevailing party is entitled, even if that party has not demanded such relief in his pleadings. CR 54(c). *But see Ware v. Phillips,* 77 Wn.2d 879, 468 P.2d 444 (1970)[2]. Moreover, respondent's complaint did ask for "such other and further relief as to the court may seem just and proper."

■ At the same time, however, we agree with appellant insofar as he suggests the record is inadequate to support the trial court's finding that "a reasonable attorney's fee for this action is $4,000.00." Finding of fact No. 10. Respondent's counsel has submitted an affidavit indicating that the fee awarded by the trial court was reasonable, but

---

[2]Respondent argues that even in the absence of CR 54(c), which superseded former law to the contrary, his attorney's fee would not be limited to the amount prayed for in the pleadings inasmuch as an attorney's fee is included in costs allowable under RCW 60.04.130. *See Lujan v. Santoya,* 41 Wn.2d 499, 250 P.2d 543 (1952). Appellant takes the opposite position. In light of our view of the impact of CR 54(c), it is unnecessary for us to resolve the question of whether attorney's fees properly may be characterized as "costs" within the meaning of RCW 60.04.130.

this is not a sufficient basis upon which we may review the question of whether the trial judge abused his discretion in awarding such a fee. As counsel states in the affidavit, any evidence submitted to the trial court on the matter of attorney's fees was given when no court reporter was present and was not of record. We therefore remand this cause to the trial court with the direction that the parties be allowed a fair opportunity to present evidence and make a record to support the trial court's allowance of a $4,000 fee, or such other fee determined by the trial court to be reasonable. Such a record would then be available for future appellate review of the trial court's determination, should one or both parties deem it to be necessary.

Finally, we must resolve the issue presented by respondent Hos Brothers' cross-appeal. Excluding the attorney's fee, the trial court awarded a judgment against Ferguson in the amount of $14,904 with interest of 8 percent per year from November 4, 1971, the date of the judgment. Hos Brothers contends that prejudgment interest should have been granted at the legal rate from the date the notice of lien was filed. Ferguson takes the position that no prejudgment interest in any amount should be allowed, and correctly points out that if any prejudgment interest is awarded it should be limited to the statutory rate of 6 percent inasmuch as the parties have no written agreement to the contrary. RCW 19.52.010.

■ In *Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968), our state Supreme Court summarized the law on prejudgment interest in the following language at page 32:

> The rule in Washington is that interest prior to judgment is allowable (1) when an amount claimed is "liquidated" or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.

*See also Quadrant Corp. v. Spake,* 8 Wn. App. 162, 504 P.2d 1162 (1973). We are satisfied that the evidence presented in the case at bar is such that it is possible to compute the amount owing with exactness without reliance on opinion or discretion, and therefore we conclude that Hos Brothers is entitled to prejudgment interest at the statutory rate of 6 percent from the date of filing the notice of lien.

The judgment is affirmed in part and reversed in part, and the cause remanded to the trial court for further proceedings consistent with this opinion.

FARRIS and JAMES, JJ., concur.