959 P.2d 1130 (1998)
STATE, ex rel, A.N.C., child, and
Pamela Kay Corey, Statutory Party, Respondent,
v.
Robert W. GRENLEY, Appellant.
No. 21163-7-II.
Court of Appeals of Washington, Division 2.
June 19, 1998.
As Amended and Ordered Published July 24, 1998.
*1132 Peter Kram, Leggett & Kram, Tacoma, for Appellant.
Monica I. Labeck, Pierce County Deputy Pros. Atty, Tacoma, for Respondent.
*1131 HUNT, Judge.
Robert W. Grenley appeals the trial court's award of attorney fees to the State under the Uniform Reciprocal Enforcement of Support Act, former RCW 26.21 (repealed 1994).[1] *1133 We affirm, except for the trial court's award of attorney fees for the State's 1995 interlocutory review, which we reverse.

FACTS
The State of Texas initiated proceedings on January 23, 1991, to establish paternity and determine child support obligations for A.N.C., a minor, residing in Texas with his mother, Pamela Corey. The presumed father, Robert Grenley, resided in Washington, where Texas transferred the action.
Pamela Corey assigned to the State of Washington (the State) the authority to collect child support from Grenley. The State, represented by the Pierce County Prosecuting Attorney's Office, then filed an action in Pierce County under the Uniform Reciprocal Enforcement of Support Act (URESA), former RCW 26.21.
The trial court determined that Grenley was A.N.C.'s biological father. Grenley then sought adjudication of visitation issues by the trial court, but the State objected on jurisdictional grounds. The trial court determined it did have jurisdiction, and the State obtained discretionary review in the Court of Appeals. On August 1, 1995, we reversed the trial court and denied the State its requested attorney fees. See State ex. rel Corey v. Grenley, 78 Wash.App. 864, 899 P.2d 830 (1995).
After we issued our decision, but before the trial court received the appellate court's mandate, Grenley filed a motion with the superior court to set child support, health care provisions, and tax exemptions. The superior court commissioner refused to rule on the merits of the motion before the mandate was received and denied the State its requested attorney fees.
Between the commencement of this case in 1991 and its termination in 1996, the Washington Legislature repealed URESA and enacted a new uniform code, the Uniform Interstate Family Support Act (UIFSA), RCW 26.21. See Laws of 1993, ch. 318, sec. 313. The revised act specifically allowed an award of attorney fees against an obligor, whereas the former act only referred to general costs and fees. RCW 26.21.325; former RCW 26.21.102.
Following trial, the superior court awarded child support and other costs. It also ordered Grenley to pay attorney fees to the State under former RCW 26.21.102 for all the work the State had performed on the case, including time spent on the interlocutory appeal and the response to the motion to the superior court commissioner.
Grenley argues the trial court erred by (1) awarding attorney fees under former RCW 26.21.102 for the time prior to its repeal; (2) awarding attorney fees for the interlocutory review and the motion to the commissioner when fees were previously denied; and (3) awarding attorney fees under RCW 26.21.325, which unconstitutionally allows a court to award fees without consideration of need or ability to pay.[2]

ANALYSIS

A. URESA and UIFSAAttorney Fees
1. URESAFormer RCW 26.21.102
Washington follows the so-called "American rule," which allows an award of attorney fees only if specifically provided by contract, statute, or recognized ground of equity. Pennsylvania Life Ins. Co. v. Employment Sec. Dep't, 97 Wash.2d 412, 413, 645 P.2d 693 (1982). Grenley argues that URESA, former RCW 26.21, did not allow *1134 attorney fees, and that the trial court erred in awarding them to the State.
Former RCW 26.21.102 read as follows:
Responsibility for filing fees and court costs. There shall be no filing fee or other costs taxable to the obligee but a court of this state acting either as an initiating or responding state may in its discretion direct that any part of or all fees and costs incurred in this state, including without limitation by enumeration, fees for filing, service of process, seizure of property, and stenographic service of both petitioner and respondent or either, be paid by the obligor.
(Emphasis added.). There are no Washington cases addressing whether this section gives a trial court discretion to award attorney fees to an obligee, such as the State. Moreover, BLACK'S LAW DICTIONARY, 312 (5th ed.1979) is equivocal as to whether "costs" generally include or exclude attorney fees: "`[C]osts' do not include attorney fees unless such fees are by a statute denominated costs or are by statute allowed to be recovered as costs in the case." But the word "costs" is frequently understood as including attorney fees. BLACK'S LAW DICTIONARY, supra, at 312.
The following analysis supports Grenley's argument: The statute does not specifically mention attorney fees, but rather provides generally that "fees and costs incurred" may be awarded and that allowable fees are not limited to those specifically enumerated in the statute. The focus, however, appears to be on filing and other court and paperwork related fees, rather than attorney fees. In contrast, other sections of RCW Chapter 26, in effect in 1992, specifically provided for attorney fees, thus indicating the Legislature was fully aware of the necessity expressly to include attorney fees when it so intended. See, i.e., RCW 26.26.140 ("The court may order that all or a portion of a party's reasonable attorne[y] fees be paid by another party...."); RCW 26.09.140 ("and for reasonable attorne[y] fees...."); RCW 26.10.080 ("and for reasonable attorne[y] fees...."); RCW 26.18.160 ("including an award for attorney fees....").
On the other hand, the following analysis supports the State's argument: Former RCW 26.21.020 states that civil remedies provided therein are not exclusive. Similarly, the District of Columbia URESA provided that remedies therein were not exclusive. See Padgett v. Padgett, 478 A.2d 1098, 1100 (D.C.App.1984), (quoting D.C.Code sec. 30-303 (1981)). Although it can be argued that "civil remedies" do not include attorney fees, nonetheless, the District of Columbia Court of Appeals allowed as a remedy attorney fees for court appointed counsel in a URESA action. Padgett, 478 A.2d at 1100. Because D.C. law generally allowed attorney fees for court-appointed attorneys, an award of attorney fees in that case was appropriate. Padgett, 478 A.2d at 1100.
The statute here has a similar non-exclusive remedy section; similarly, attorney fees are normally allowed in custody and paternity actions. See RCW 26.18.160; RCW 26.26.140. Thus, although both parties' arguments are compelling, we are not persuaded to depart from the trial court's holding that former RCW 26.21.102 provides a basis for its award of attorney fees to the State.
2. UIFSARCW 26.21.325
Alternatively, we affirm the trial court's award of attorney fees based on RCW 26.21.325, the costs and fees section that replaced former RCW 26.21.102. Grenley argues that the statute cannot be applied retroactively. But several cases have held that it is the attorney fees statute in effect at the termination of the case, rather than at commencement, which controls.
Generally statutes are presumed to operate prospectively, unless there is indication of legislative intent to the contrary. Macumber v. Shafer, 96 Wash.2d 568, 570, 637 P.2d 645 (1981). An exception exists if the statute is remedial and applies to practice, procedure, or remedies and does not affect a substantive or vested right. Macumber, 96 Wash.2d at 570, 637 P.2d 645. "A statute operates prospectively when the precipitating event for [its] application ... occurs after the effective date of the statute...." Aetna Life Ins. Co. v. Washington Life and Disability Ins. Guar. Ass'n, 83 *1135 Wash.2d 523, 535, 520 P.2d 162 (1974) (citation omitted).
The precipitating event for application of a statute concerning attorney fees and costs of litigation is termination of the case. See Kilpatrick v. Department of Labor & Indus., 125 Wash.2d 222, 232, 883 P.2d 1370 [ (1994) ], 915 P.2d 519 [ (1995) ] (the right to attorney fees, as well as the determination of the amount awardable, is governed by statute in force at the termination of the action); Petersen v. [Port of] Seattle, 94 Wash.2d 479, 487, 618 P.2d 67 (1980) (same); City of Bellingham v. Eiford Constr., 10 Wash.App. 606, 608, 519 P.2d 1330 (right to costs and attorney fees purely a matter of statutory regulation; unless contrary intent appears from statute, the right to costs and attorney fees and amount thereof governed by statute in force at termination of the action), review denied, 84 Wash.2d 1002 (1974).
State v. Blank, 131 Wash.2d 230, 249, 930 P.2d 1213 (1997) (emphasis added).
The substantial and overwhelming weight of authority is to the effect that unless a contrary intent clearly appears from the statute, the right to costs and attorney fees, as well as the determination of the amount thereof, is governed by the statute in force at the termination of the action, rather than at the time of its commencement.
City of Bellingham 10 Wash.App. at 608, 519 P.2d 1330 (citation omitted).
Here, RCW 26.21.325 can be viewed as remedial. It does not create a new substantive right, but merely expands the costs or fees the State or obligee may recover from an obligor. Mackey v. American Fashion Inst. Corp., 60 Wash.App. 426, 430, 804 P.2d 642 (1991) (no new substantive right created when amendment merely expanded the attorney fees statute's applicability to actions where the amount pleaded was $10,000 or less). Accordingly, we affirm the trial court's award of attorney fees because such fees are allowed under RCW 26.21.325. See Nast v. Michels, 107 Wash.2d 300, 308, 730 P.2d 54 (1986) ("[A]n appellate court may sustain a trial court on any correct ground, even though that ground was not considered by the trial court.").

B. Attorney Fees Previously Denied
1. Attorney Fees on Appeal
The State sought interlocutory review in this court in 1995. We granted the requested relief but denied attorney fees for the interlocutory review. See Corey, 78 Wash.App. at 870, 899 P.2d 830. At the conclusion of the action on remand, the trial court awarded the State attorney fees for the appeal. Grenley argues the trial court did not have authority to reconsider an award of fees already denied by the Court of Appeals. We agree.
Generally, a statute allowing for an award of attorney fees includes fees for trial and appeal. Thus, if either former RCW 26.21.102 or RCW 26.21.325 allow attorney fees in this case, fees for an appeal would also be allowed.
A trial court has discretion to award attorney fees for an earlier appeal if fees are allowed in that action by statute or on some other ground. RAP 7.2(d); Schumacher Painting v. First Union Management., 69 Wash.App. 693, 701-02, 850 P.2d 1361 (1993). An appellate court may direct the trial court to calculate attorney fees for an appeal on remand. RAP 18.1(i). Thus, generally a trial court has authority to award attorney fees for an earlier appeal.
The State cites Schumacher to support its assertion that the trial court did not abuse its discretion in awarding fees that had already been denied. In Schumacher, the trial court awarded fees for an earlier appeal in the case. On the second appeal, the court affirmed the award and remanded for an award of fees for the second appeal. Schumacher, 69 Wash.App. at 701-02, 850 P.2d 1361. But the opinion does not say whether attorney fees had been previously denied or even requested in the first appeal. Therefore, Schumacher does not hold that a trial court can award fees when fees were previously denied by a higher court. We hold it cannot.
If, as here, fees were requested and denied by a higher court, that is the final *1136 determination on that issue. A superior court cannot override a higher court's determination of an appealed, decided issue, including the denial of attorney fees.
2. Superior Court Commissioner
Whether the trial court erred in granting attorney fees to the State for defending Grenley's motion to the Superior Court Commissioner is a different question. The commissioner declined to rule on the merits of the motion because the Court of Appeals' mandate had not been received; therefore, the commissioner also denied attorney fees for the time being. Because the commissioner did not rule prematurely on the merits of the motion, the trial court later properly awarded fees for the State's efforts in defending that motion.

C. Pleading Requirements
CR 8(a) requires that a pleading "shall contain ... a demand for judgment for the relief to which [the pleader] deems himself entitled." CR9(g) requires that any demand for special damages also be specifically stated in the pleadings.
But under CR 54(c), "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." (Emphasis added.). Alternatively, "Costs shall be fixed and allowed as provided in RCW 4.84 or by any other applicable statute." CR 54(d). Thus, from the plain language of the civil rules, the State may recover attorney fees if so entitled by statute or other recognized ground, even though it did not specifically request them in its pleadings.
Former RCW 26.21 did not specify whether attorney fees must be specifically pleaded. But under RCW 4.84, Washington's costs statute, attorney fees are considered "costs" and may be awarded if so provided by statute, agreement, or other recognized ground of equity. See Detonics ".45" Assocs. v. Bank of California, 97 Wash.2d 351, 644 P.2d 1170 (1982); Armstrong Constr. Co. v. Thomson, 64 Wash.2d 191, 390 P.2d 976 (1964). Because the allowance of costs, including attorney fees, is governed by statute, it is not necessary that the plaintiff include a request for fees in the complaint. See Lujan v. Santoya, 41 Wash.2d 499, 501, 250 P.2d 543 (1952); see also Hos Bros. Bulldozing, Inc. v. Hugh S. Ferguson Co., 8 Wash.App. 769, 773, 508 P.2d 1377 (1973).
Grenley argues that the State is required under the civil rules specifically to request fees. But the cases he cites as support all involve default judgments. CR 54(c) specifically states that a default judgment may not award relief not specifically pleaded. The rule expressly differentiates between default judgments and judgments after trial. Here, a full trial on the issues was held, so rules regarding default judgments do not apply.
Grenley also argues that the award violates the civil rules and his due process rights because the complaint did not give him adequate notice that the issue of attorney fees would be litigated. But as the State points out, Grenley had the opportunity to argue the issue to the trial court and to defend against the award after the State filed its motion to set fees. Because the parties argued the issue before the court, and the court ruled on the issue, for the purpose of notice requirements, the request for attorney fees is treated as if it has been pleaded. See In re Marriage of Allen, 28 Wash.App. 637, 643, 626 P.2d 16 (1981); Reichelt v. Johns-Manville Corp., 107 Wash.2d 761, 766, 733 P.2d 530 (1987).

D. Need Versus Ability to Pay; Equal Protection
Next, Grenley argues that the trial court should have to consider the State's need and his ability to pay attorney fees before making an award. He also argues that RCW 26.21.325 does not require a court to consider need and ability to pay, thus violating his equal protection rights under the United States and Washington Constitutions.[3] He contends that other statutes, namely the dissolution statute, RCW 26.09, *1137 require a trial court to consider need and ability to pay. Because that statute so requires, and the UIFSA does not, he claims the statute unconstitutionally creates a suspect class of fathers based on their marital status.
In support of his constitutional claim, Grenley engages in the sixpart Gunwall[4] analysis and compares the attorney fees provision of UIFSA with a similar provision of the marital dissolution statute. But his analysis is misplaced. The Gunwall factors are applied to parallel provisions of the state and federal constitutions only to determine whether the Washington provision provides greater protection than its federal counterpart.
Nonetheless, a comparison of the two statutes reveals no equal protection violation. A citizen's equal protection rights are violated when the law treats similarly situated persons differently, or differentially situated persons the same. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). But RCW 26.21.325 does not treat similarly situated people differently; the class of parents to whom the statute applies is not situated similarly to the persons to whom the marital dissolution statute applies. RCW 26.21.325 applies to unmarried parents who live in Washington but whose children live in other states. The marital dissolution statute applies to married parents who live in Washington and whose children live in Washington.
Grenley argues the statute is unconstitutional because it distinguishes based on marital status. Even if this were so, the statute does not violate the Equal Protection Clause. Willard v. Department of Soc. & Health Servs., 91 Wash.2d 759, 592 P.2d 1103 (1979), is directly on point:
Appellant contends the state regulation violates the federal Equal Protection Clause by making a distinction between persons legally married and those not married. Since this distinction involves neither a suspect classification nor a fundamental right, the parties are correct in applying the "rational relationship" test for resolving the constitutional issue. Under the "rational relationship" test legislation must satisfy two requirements: (1) it must apply alike to all members of the designated class and (2) reasonable grounds must exist for distinguishing between those falling within the class and those falling outside of it. Belancsik v. Overlake Mem. Hosp., 80 Wash.2d 111, 492 P.2d 219 (1971). In applying the "rational relationship" test the courts have permitted a wide range of legislative discretion to define classifications and have presumed such legislation to be valid. Childers v. Childers, 89 Wash.2d 592, 575 P.2d 201 (1978).
Willard, 91 Wash.2d at 763, 592 P.2d 1103 (footnote omitted) (emphasis added).
UIFSA applies equally to all unmarried parents in Washington with children living out of state. Need or ability to pay is not considered for any persons in this class. Accordingly, the first requirement is met. See Willard, 91 Wash.2d at 763, 592 P.2d 1103 ("Since WAC 388-24-050 applies to all unmarried parents of dependent children who are living together it is clear the first requirement of the `rational relationship' test is met.").
"To uphold the second requirement it is necessary that a reasonable set of facts be conceived to sustain it." Willard, 91 Wash.2d at 764, 592 P.2d 1103. Under the "rational relationship" test, legislative classifications are presumed valid, especially "where grants of public funds are involved since the finite nature of these resources presents difficult problems of allocation." Willard, 91 Wash.2d at 763-64, 592 P.2d 1103 (citing Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970)).
It is rational that the State distinguish between married fathers getting divorced in Washington and unmarried fathers with minor children outside of Washington. Special procedures are required to gain authority to enforce an out-of-state child support agreement against a father living in Washington, or to bring an action to set or collect child support on behalf of another state. Additionally, *1138 there is minimal, if any, involvement by the State in a standard dissolution or custody action. In contrast, under URESA and UIFSA, the State often acts as attorney for the obligee. Taxpayer funds are then required to enable the State to establish paternity and/or to set and collect child support. As argued by the State, "[T]axpayers should not be burdened with allocating scarce revenues towards the expense of complicated litigation, in order to ... ensure that children are supported across state lines."
Accordingly, Grenley's constitutional claim is without merit.[5]
We affirm the trial court's award of attorney fees to the State, excluding attorney fees pertaining to the 1995 interlocutory review before this court. We reverse that portion of the trial court's award granting these interlocutory appeal fees. We deny the State's request for attorney fees on this appeal.
HOUGHTON, C.J., and BRIDGEWATER, J., concur.
NOTES
[1] At oral argument, Grenley raised a new issue that the State had not requested attorney fees in its complaint or pleadings. Subsequently, we asked the parties to file supplemental briefs addressing the effect of the State's failure to plead a request for attorney fees on the trial court's ability to award them. Having reviewed the supplemental briefs, we hold that the trial court had the ability to award attorney fees, even though the State made no formal request in its complaint or other pleadings.
[2] Grenley also argues the State is not an "obligee" under the statute and is therefore not able to recover attorney fees. But Grenley did not assign error to this fact and apparently did not challenge the State's position or standing below; therefore we decline to address this issue. See Brower v. Ackerley, 88 Wash.App. 87, 96, 943 P.2d 1141 (1997) (issue not briefed or argued in trial court will need not be considered on appeal).
[3] The State argues the entire award was based on former RCW 26.21.102.
[4] State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808 (1986).
[5] In his statement of the facts, Grenley also asserts that the State did not produce proper evidence of actual time spent on the appeal. But there is no argument or citation to authority in the argument section of the brief. The court need not address this issue. See State v. Johnson, 119 Wash.2d 167, 171, 829 P.2d 1082 (1992) (issues not adequately briefed or supported by citation to authority need not be addressed by appellate court).