[No. 24706-2-II. Division Two. November 9, 2000.]

Linda Koncicky, *Appellant*, v. Peter Sekac, et al., *Respondents*.

*Herbert D. Austad*, for appellant.
*David V. Johnson*, for respondents.

MORGAN, J. — Linda Koncicky, a real estate broker, commenced and contested this interpleader action. She now appeals a judgment for reasonable attorneys fees that was based on the earnest money agreement. We affirm.

On January 17, 1998, Peter and Teresa Sekac (buyers) and Lester West (seller) entered into an earnest money agreement for the purchase and sale of certain real property in Clallam County. The transaction was facilitated by Linda Koncicky, a real estate broker acting as agent for West. The Sekacs paid $3,000 as earnest money, which Koncicky received and held. The written earnest money agreement stated (1) that if the "Buyer fails, without legal excuse, to complete the purchase of the Property, the earnest money deposit made by the Buyer shall be forfeited

to the Seller" as liquidated damages; (2) that "[i]f the earnest money is forfeited as liquidated damages, said money shall be divided equally between Seller and Broker(s) not to exceed the agreed commission[;]" and (3) that "if a dispute arises regarding this transaction, the prevailing party(ies) (i.e. buyer, seller, or broker) shall recover costs and reasonable attorney's fees, including those for appeals."[1] The transaction never closed.

On April 1, 1998, Koncicky deposited the earnest money into court. She also filed a pro se "interpleader complaint" in which she named herself as plaintiff and West and the Sekacs as defendants. She asked that the court "adjudicate who is entitled to the interpleader earnest money[,]" and that "the filing fee and other costs be paid out of monies deposited with the clerk[.]"[2]

On April 15, 1998, the Sekacs answered through counsel. They did not state a claim against Koncicky,[3] but they did state a claim against West only. They alleged that West had materially misrepresented the subject property, "thereby entitling [them] to refund of the earnest money."[4] They also alleged that "[p]ursuant to the terms of" the earnest money agreement, West should pay "their costs and reasonable attorneys fees incurred herein."[5] They prayed for the return of their earnest money and judgment for their "costs and reasonable attorneys fees incurred herein."[6]

West did not file a notice of appearance. He did, however, sign documents that someone filed in the court file. He also made a motion for a continuance. Consequently, he was treated as if he had answered pro se.

---

[1] Clerk's Papers at 106.

[2] *Id.* at 101.

[3] Although the buyers did not assert a claim against Koncicky, they did assert that *she* was "mak[ing] claim to a portion of the earnest money[.]" *Id.* at 98, lines 7-8.

[4] *Id.* at 98, lines 21-22.

[5] *Id.* at 100, lines 1-2.

[6] *Id.* at 100, line 2.

Once the Sekacs and West were before the court, one would have expected Koncicky to drop out of the case. On April 21, 1998, however, Koncicky filed a motion and affidavit in which she asked the trial court to set her interpleader complaint for trial. She stated that she was "not ma[king] any claim on [the] earnest money," but that she was "asking the Court to forfeit [the earnest money] to the Seller."[7] She stated that the earnest money agreement "specifically provide[s] for the situation [that] occurred in this case[,]" and then quoted the agreement's provision that the seller should receive the earnest money if the buyers failed to close without excuse.[8] She concluded by asking that the Sekacs be held liable "for [the] $107.90 cancellation fee to [the title insurance company], and any fee due to Superior Court."[9]

On December 14, 1998, the Sekacs filed a motion for summary judgment (1) dismissing any claims of West and Koncicky; (2) "[a]warding [the Sekacs] judgment for the $3,000 earnest money[,]" and (3) "[g]ranting the Sekacs judgment against plaintiff interpleader and defendant seller for their costs and reasonable attorneys fees incurred herein."[10] The Sekacs supported their motion with declarations from a county planner and Peter Sekac. The declarations showed, if true, that West had materially misrepresented the subject property. The Sekacs also supported their motion with what they referred to as "the three-way attorney fees clause" in the earnest money agreement.[11]

West did not oppose the Sekacs' motion.[12] Koncicky, however, did. In a written response filed December 22,

---

[7] 2 Clerk's Papers at 24. Koncicky also stated that her interest in the case was "the same as" the buyers' attorney's, and that West was her "client." *Id.*

[8] *Id.* at 23.

[9] *Id.* at 23.

[10] Clerk's Papers at 66.

[11] *Id.* at 76.

[12] West did file a motion for continuance, which the trial court denied. No one appeals that ruling.

1998, she stated that she "has not filed any claim for earnest money, therefore her claim [cannot] be dismissed."[13] She then went on to assert (1) that "trial is absolutely necessary where [there] is a genuine issue as to any material fa[c]ts;"[14] (2) that the county planner's declaration was disputed "by facts and documents which will be presented at the trial[;]" and (3) that Peter Sekac's declaration was "untrue" and "made in bad faith . . . to cover the real reason why he has not complete[d] the purchase[.]"[15] She asked that "summary judgment . . . be denied" and that she "be awarded reasonable expenses incurred because of . . . [the Sekacs'] Motion for summary judgment."[16]

On March 19, 1999, the trial court heard the Sekacs' motion. West did not appear, but Koncicky did. When the trial court asked Koncicky whether she was representing herself, she answered:

> Well, I would like to define my role. I'm just plaintiff interpleader. I did interplead earnest money I had in my trust account to the court so the buyer and seller can claim it. I do not claim any portion of [the] earnest money.[17]

A few moments later, she told the court, "Your Honor, I'm a witness . . . because somebody has to tell truth."[18] She went on to argue, as she had in her written response, that the case involved issues of fact; that summary judgment should be denied; and that the interpleader complaint should be set for trial.

At the end of the hearing, the trial court granted the Sekacs' motion and directed that the $3,000 be disbursed to them. It also ordered, based on the fee clause in the earnest money agreement, that Koncicky and West pay the Sekacs'

---

[13] *Id.* at 44.

[14] *Id.* at 45.

[15] *Id.* at 44.

[16] *Id.* at 46, lines 20-22.

[17] Report of Proceedings (Mar. 19, 1999) at 1.

[18] *Id.* at 7.

reasonable attorney fees in the amount of $4,269. The court orally explained that by presenting a claim for the seller or herself, Koncicky had made herself an active party, exceeded the role of an interpleader plaintiff, and triggered the fee clause in the earnest money agreement. In later written findings, the court again explained that "the Interpleader Plaintiff took an adversarial position in support of an award of the earnest money to the seller and against the buyer's right to return of such earnest money."[19]

Koncicky filed two motions for reconsideration, one pro se and one through counsel.[20] In the first, she again asserted that she was making no claim, but that "[a]ll records and affidavits show that there [are] genuine issues of material facts[.]"[21] The trial court denied reconsideration.

West did not appeal the trial court's judgment. Koncicky, however, did. She now claims that the trial court "misinterpreted [her] reasons for pointing out [the] merit[s] of the case[,]"[22] and that the trial court erred by holding her liable for the Sekacs' reasonable attorney fees.

A court may award reasonable attorney fees based on the parties' contract.[23] The earnest money agreement formed by West and the Sekacs provided that "if a dispute arises regarding this transaction, the prevailing party(ies) (i.e. buyer, seller, or broker) shall recover costs and reasonable attorney's fees, including those for appeals."[24] Koncicky disputed the Sekacs' right to the earnest money,

---

[19] Clerk's Papers at 6, lines 4-6.

[20] We do not mean to imply that two motions for reconsideration are permitted by the rules of court. That procedural matter is not raised here.

[21] *Id.* at 27, lines 23-24.

[22] Br. of Appellant at 12.

[23] *Dayton v. Farmers Ins. Group,* 124 Wn.2d 277, 280, 876 P.2d 896 (1994); *Pa. Life Ins. Co. v. Employment Sec. Dep't,* 97 Wn.2d 412, 413, 645 P.2d 693 (1982); *State ex rel. A.N.C. v. Grenley,* 91 Wn. App. 919, 925, 959 P.2d 1130, *review denied,* 136 Wn.2d 1031 (1998).

[24] Clerk's Papers at 106.

and the Sekacs prevailed.[25] It would seem at first glance that Koncicky should be liable for the Sekacs' reasonable attorney fees.

■ Koncicky attempts to shield herself behind the interpleader statutes, including RCW 4.08.160 and RCW 4.08.170. RCW 4.08.160 provides:

> Anyone having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on, such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest or liens adjudged, determined and adjusted in such action.

RCW 4.08.170 provides:

> In any action commenced under RCW 4.08.160, the plaintiff may disclaim any interest in the money, property or indebtedness, and deposit with the clerk of the court the full amount of such money or indebtedness, or other property, and he shall not be liable for any costs accruing in said action.[26]

Thus, an interpleader plaintiff "shall not be liable for costs" if he or she disclaims any interest in the money, property or indebtedness.

In this case, Koncicky repeatedly *said* that she was not making any claim. Each time, however, she *actually asserted* that the earnest money should not be returned to the Sekacs. Viewing this as a classic case of actions speaking louder than words, we hold that Koncicky was actively asserting a claim to the earnest money;[27] that she clearly was *not* disclaiming any interest in the earnest money; and

---

[25] We decline to infer that Koncicky was making a claim for West, because she could not lawfully do that. *See* RCW 2.48.180(3). The only other possibility is that she was making a claim for herself, based on the earnest money agreement's provision that the broker and seller would divide any earnest money that the buyer forfeited.

[26] Although Koncicky cites CR 22 also, it adds nothing to the statutes for purposes of this appeal.

[27] *See* footnote 25.

that she is not protected by the interpleader statutes from an award of fees and costs made in accordance with the earnest money agreement. The Sekacs seek reasonable attorney fees on appeal. We award them such fees, based on the express language of the earnest money agreement, provided they comply with RAP 18.1.

Affirmed.

ARMSTRONG, C.J., and BRIDGEWATER, J., concur.

Reconsideration denied December 14, 2000.

Review denied at 143 Wn.2d 1021 (2001).