Geraldine V. DE FOE, Appellant,

v.

WEAVER BROS., Inc., a corporation,
Appellee.

Nos. 1498, 1533.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 13, 1954.

Decided Sept. 30, 1954.

Rehearing Denied Oct. 18, 1954.

J. Walter White, Washington, D. C., for appellant.

Robert B. Frank, Washington, D. C., with whom Milton W. King, Bernard I. Nordlinger, and Wallace Luchs, Jr., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This case has been here before. The present controversy stems from a prior judgment of the trial court awarding to landlord, Weaver Bros., possession of an apartment leased to appellant, DeFoe. The judgment was for nonpayment of rent. The trial judge set supersedeas bond at $300 and ordered that the clerk "accept for deposit into the Registry of the Court current rent as it becomes due * * *." Later a praecipe was filed, signed by attorneys for both parties, reducing the amount of the bond to $241.25 (the exact amount of rent overdue plus costs) and crediting $58.75 of the sum deposited to rent due for the month of October 1953. This court affirmed the judgment for Weaver Bros.,[1] and the United States Court of Appeals denied a petition for allowance of appeal.[2] Both parties then filed motions to secure the payment of the amount deposited in court. The trial court entered written findings of fact and conclusions of law and granted Weaver Bros.' motion. Defendant noted separate appeals from the denial of her motion and the granting of Weaver Bros.' motion. The appeals were consolidated for argument and we have considered them together.

Appellant first contends that the trial court had no jurisdiction to order return of the deposit to Weaver Bros., because she had noted an appeal from the denial of her motion prior to the filing of Weaver Bros.' motion. Therefore, she says, the trial court had no power to deal with the deposit. This contention cannot be sustained. In ruling on appellant's motion the court decided only that she was not entitled to the deposit; the court made no other disposition. And while it had undoubtedly lost jurisdiction, after the appeal was noted, to revoke or alter that particular ruling, it was not barred from dealing in some other manner with the fund in its hands. To hold that appellant's motion must alone be considered by the trial court, then by this court, and possibly also by the United States Court of Appeals, before Weaver Bros.' right to the same fund can be determined, would only serve to prolong the litigation to the detriment of both parties.

Next, appellant argues that this case is now moot and the prior judgment ineffective, because the building was sold while the case was before the United States Court of Appeals. This argument must fail because nowhere in the record is there any evidence that the property had been sold.

Appellant raises a belated contention that Weaver Bros. is not a real party in interest, and was not entitled to bring this suit. This contention, having been raised after trial, judgment, and appeal, comes far too late. But appellant says that even if Weaver Bros. once had a right to bring this action, that right terminated upon the sale of the property. But as we have already pointed out, there is no evidence of such a sale, or of a termination of Weaver Bros.' authority. Appellant cites Paregol v. Smith, D.C.Mun.App., 103 A.2d 576, 577, in support

1. De Foe v. Weaver Bros., D.C.Mun.App., 101 A.2d 515.

2. Appeal Denied, February 19, 1954, No. 12049, U. S. Court of Appeals for the District of Columbia Circuit.

of her contention that this proceeding is an unwarranted attempt to attach a claim for money judgment to the judgment for possession. In the Paregol case we held that a landlord "who has sued for possession and made his choice not to add a claim for rent" may not thereafter add a claim for rent. That is clearly not this case. Here we are dealing with disposition of cash deposited in lieu of a supersedeas bond. It is quite clear, as the trial court found, that both parties intended the deposit "to assure payment to plaintiff of the rent for nonpayment of which possession was sought * * * in the event the judgment of this Court was affirmed."

█ The subject, we think, admits of no debate. A tenant, faced with the prospect of immediate eviction under a judgment, forestalled such eviction by posting a cash bond. The condition was that she would succeed in obtaining a reversal. The judgment being affirmed the condition failed, and it remained only for the trial court to assess plaintiff's damages.

Affirmed.