HAGANS MANAGEMENT CO., INC., Appellant,

v.

William H. NICHOLS, Appellee.

William H. NICHOLS, Appellant,

v.

HAGANS MANAGEMENT CO., INC., Appellee.

Nos. 13900, 13925 and 13956.

District of Columbia Court of Appeals.

Argued Sept. 20, 1979.

Decided Dec. 3, 1979.

Kenneth J. Loewinger, Washington, D. C., for Hagans Management Co., Inc.

Nicholas A. Addams, Washington, D. C., for William H. Nichols.

Before KERN, GALLAGHER and MACK, Associate Judges.

GALLAGHER, Associate Judge:

Both parties to this action appeal from orders entered in the trial court which made a disposition of monies paid into the registry of the court and posted as a supersedeas bond. We reverse the orders of the trial court insofar as they award damages to appellant Hagans for the period from February 1, 1977 to October 19, 1977, and remand to the trial court with instructions to release all monies to appellant Nichols after allowance of costs, interests, and attorney's fee to Hagans.

The history of this case is a long one. Only a few facets are necessary to the resolution of this appeal, however. In June 1974, plaintiff Hagans, a real estate management company representing the District of Columbia Redevelopment Land Agency, brought suit in the Landlord and Tenant Branch of the trial court for possession of the premises occupied by defendant Nichols, based on nonpayment of rent. Hagans also sought a money judgment for back rent, but this claim was stricken for failure to effect personal service and the case went to trial on the issue of possession only. On March 25, 1975 judgment for possession was entered in favor of Hagans and Nichols appealed. On August 12, this court stayed execution of the judgment for possession, pending the appeal, and remanded for the setting of an "appropriate" supersedeas bond. Consequently, the trial court on December 14 ordered Nichols to post a supersedeas bond in the amount of $12,000 and to pay into the registry of the court $300 per month in lieu of rent, commencing December 1, 1975 and continuing until the resolution of the appeal. Sometime after oral argument, but before the decision on the appeal was announced, Nichols vacated the premises and, in October of 1977, upon motion of Hagans, this court dismissed the appeal and remanded to the trial court with instructions to dismiss the suit as moot. Both parties then moved for the release of the bond and the monies in the registry.

After a hearing on these motions, the court issued an order on June 30, 1978 which allotted $1,722.58, plus interest and costs on appeal, to Hagans "as damages for loss of use of the premises from February 1, 1977 through October 19, 1977 when the appeal was dismissed." The order further directed that "the remainder" be distributed to defendant Nichols, and on July 27 the court clarified this instruction in a second order which directed that the balance of both the monies in the registry and the $12,000 supersedeas bond be released to Nichols after $1,722.58 had been paid to Hagans.

On appeal, Hagans contends the trial court erred in failing to award them the full amount of the supersedeas, and urges that the purpose of the bond was to secure the back rent due and owing since June 1972. It argues that under this court's decisions in *National Capital Housing Authority v. Douglas*, D.C.App., 333 A.2d 55 (1975) and *Trans-Lux Radio City Corp. v. Service Parking Corp.*, D.C.Mun.App., 54 A.2d 144 (1947), a tenant may achieve a judicial stay of an order for possession by tendering to the landlord all of the back rent then due, plus interests and costs. Hagans urges upon us the view that to deny them the full amount of the bond as back rent would be to place Nichols in a better position on appeal than he would otherwise be under *Douglas* and *Trans-Lux, supra.* We find this reasoning to be faulty. In *Douglas* and

*Trans-Lux*, the tenants did not appeal the judgment for possession, but obtained a permanent stay by tendering the back rent to the landlord. The end result of these transactions was that the landlords received the back rent (even though they had not obtained a money judgment) but the tenants remained in *uncontested* possession. These cases are not apposite here. Nichols sought not a permanent stay, but a stay pending appeal, which was granted but conditioned on the posting of a supersedeas bond. Hagans argues that the purpose of the bond was to secure the payment of the back rent in the event that the appeal was unsuccessful, relying on *Defoe v. Weaver Brothers*, D.C.Mun.App., 108 A.2d 94 (1954). In *Defoe*, however, the court expressly found that cash deposited in lieu of a supersedeas bond was intended by both parties to secure the payment of back rent. Absent such circumstances, supersedeas bonds posted pending appeal of judgments for possession of real property (when there has been no money judgment for back rent) are intended to compensate an appellee only for damages suffered during the pendency of the appeal. *Young & Simon, Inc. v. Brown*, D.C.App., 387 A.2d 724 (1978). Posting the supersedeas bond in no way improved Nichols' position under *Douglas* and *Trans-Lux*. Indeed, we assume that Nichols could have, during the pendency of this appeal, tendered the back rent due, obtained a stay of the judgment for possession and withdrawn his appeal. In that event he would have remained liable under the bond for any additional damages sustained by Hagans until the dismissal of the appeal.

The bond in this case could therefore properly be applied only to damages accruing between the entry of judgment for Hagans on March 25, 1975 and the dismissal of the appeal on October 19, 1977. In its order the trial court awarded damages for a period commencing February 1, 1977 through the dismissal of the appeal, because it noted that rent through January 1977 had already been awarded in another action between Nichols and Hagans' principal, the District of Columbia Redevelopment Land Agency (DCRLA).[1] Hagans contends that it was improper for the court to take cognizance of the judgment in the action between Nichols and the DCRLA in determining the period of damages. Clearly, however, the payments already awarded to the principal must be applied to the calculation of an award to the agent. This principle is so elementary as to permit no serious argument to the contrary. *See* Restatement (Second) of Agency § 368, and Comment (e) (1958).

Hagans similarly asserts that the trial court erred in considering the fair rental value determined in the litigation between Nichols and the DCRLA as bearing on the amount of damages under the bond, and similarly we conclude that this contention is wholly without merit. There can hardly be a clearer case than this to illustrate the fundamental principle that issues fully litigated between parties in one action are conclusively determined therein and may not be relitigated in any subsequent action between the same parties or their privies. *See* Restatement of Judgments § 45(c), 68(1) (1942).

1. *Nichols v. District of Columbia Redevelopment Land Agency* (No. 1835–75, D.C.Super.Ct. 1978). Nichols had been the owner of the property which was condemned by the Agency as part of an urban renewal program. After condemnation, Nichols executed with the Agency a written agreement under which Nichols was to pay to the Agency $300 per month rent and could temporarily retain occupancy. Nichols failed to pay rent when he became dissatisfied with the Agency over its alleged failure to provide adequate relocation assistance and to maintain the neighborhood. When Hagans, under contract with the Agency for the management of certain urban renewal properties, brought the action for possession, Nichols joined the Agency in an effort to litigate his claims. The Agency successfully moved for summary judgment and Nichols therefore brought a separate civil action against them. This action concluded in a judgment entered May 15, 1978 in which it was determined that the fair rental value of the property during the period was $200. The Agency was therefore awarded back rent through January 31, 1977 (the date on which Nichols vacated), calculated at this rate. It was further ordered that the full amount of the award was to be deducted from the relocation payment to which Nichols was entitled from the Agency.

Nichols argues in his appeal that, because he had moved out on January 31, it was error to award Hagans damages for the period between February 1 and October 19, 1977, and suggests that the award was "inadvertent" and that the trial court was not aware that Nichols had vacated the premises. Although its June 30 order indicates that the court was in fact aware that Nichols had moved out prior to October 19, 1977, we conclude the award of $1,722.58 must be reversed for lack of any support in the record. A reviewing court will not disturb the findings of a trial court unless clearly erroneous. *Lee Washington, Inc. v. Washington Motor-Truck Transport Employee Health & Welfare Trust,* D.C.App., 310 A.2d 604 (1973). However, this court will set aside a judgment that is without evidence to support it. *Edison v. Scott,* D.C.App., 388 A.2d 1239 (1978); *Blanken & Blanken Investments, Inc. v. Keg, Inc.,* D.C.App., 383 A.2d 1076 (1978); *see* D.C.Code 1973, § 17–305. The record of the hearing before the trial court contains no evidence on the subject of damages during the period after Nichols had vacated, apart from the uncontradicted statement by Nichols' counsel that the premises remained unoccupied at the date of the hearing, approximately 18 months after Nichols left. Hagans introduced no evidence tending to show any lost opportunity or any attempt to rerent during the pendency of the appeal, or any other damages during that period. We must therefore reverse the orders of June 30 and July 27, 1978, insofar as they award Hagans damages for loss of use and occupancy of the premises for the period from January 31, 1977 to October 19, 1977.

Hagans also assigned as error the trial court's failure to award interests, costs and attorney's fees. We note first that the June 30 order did permit interest and costs on appeal. Costs below are allowable under Super.Ct. L&T R. 15 and were expressly covered by the bond executed by Nichols. Attorney's fees are also allowable where, as here, the lease contains a provision in which the tenant agrees to pay attorney's fees in a suit brought by the landlord upon default in the rent. *Sundown, Inc. v. Canal Square Associates,* D.C.App., 390 A.2d 421, 430 (1978); *Williams v. Tencher-Walker, Inc.,* D.C.Mun.App., 125 A.2d 58, 60 (1956). Nichols' lease with the Agency contained such a provision and it was applicable by the terms of the lease to all parties and their "heirs, successors and assigns."

We remand to the trial court for a hearing to establish the amount of reasonable attorney's fees and of costs and interest allowable under this decision which remain uncollected, after which the trial court should issue an order awarding such fees, interest, and costs to appellant Hagans and directing

(1) that the $1,722.58 released to Hagans under the trial court's June 30 and July 28, 1978 orders be applied to the satisfaction of that award, and

(2) that the balance of the $1,722.58, if any, be returned to the registry of the court for release to appellant Nichols.

*So ordered.*