**Thomas R. PADGETT, Jr., Appellant,**

v.

**Frances PADGETT, Appellee.**

**No. 83–955.**

District of Columbia Court of Appeals.

Argued April 12, 1984.

Decided July 25, 1984.

---

John C. Lenahan, Washington, D.C., with whom Lawrence P. Lataif, Fairfax, Va., was on the brief, for appellant.

Joan Harvill, Washington, D.C., for appellee.

Before BELSON and ROGERS, Associate Judges, and KERN,[1] Associate Judge, Retired.

PER CURIAM.

This is the parties' second appeal arising from the filing of a writ of attachment by Mrs. Padgett seeking to enforce a consent order, entered in 1964 pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), D.C.Code §§ 30–301 et seq. (1981), directing Mr. Padgett to pay alimony and child support. As a result of an appeal by Mrs. Padgett from the granting of a motion to quash the writ, the writ proceeding was remanded to the trial court for de novo consideration of Mr. Padgett's defense of laches in light of his present financial condition. *Padgett v. Padgett,* 472 A.2d 849 (D.C.1984).

In this appeal Mr. Padgett contests the award of attorney's fees to Mrs. Padgett's court-appointed attorney for work relating to the writ proceeding. He contends that the trial court lacked jurisdiction to award attorney's fees because of the pendency of the first appeal,[2] lacked authority to award attorney's fees to a court-appointed attorney in the absence of statutory authority for the appointment of the attorney, and abused its discretion in awarding attorney's fees because the writ of attachment had been quashed. In view of the previous decision by this court and the issues pending in the trial court, we hold that the trial court had authority to award Mrs. Padgett attorney's fees, but remand the attorney's fee award for consideration as a part of the writ proceeding.

■■■ A party who has taken an appeal generally has no right to seek a reopening of a trial court's judgment, *Potts v. Catterton,* 82 A.2d 133, 134 (D.C.1951),[3] and the

---

1. Judge Kern was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on May 25, 1984.

2. Mrs. Padgett did not file a motion for attorney's fees until after noting her appeal from the quashing of the writ.

3. *But see Smith v. Pollin,* 90 U.S.App.D.C. 178, 194 F.2d 349 (1952) (per curiam) (trial court

trial court lost jurisdiction over the ruling quashing the writ of attachment. However, a party may seek disposition in the trial court of other matters which do not result in revocation or alteration of the judgment on appeal. *DeFoe v. Weaver Brothers,* 108 A.2d 94, 95 (D.C.1954). Mrs. Padgett's attorney's motion for attorney's fees did not seek revocation or alteration of the order quashing the writ of attachment. *Cf.* D.C.Code § 16–916(a) (1981).

■ URESA provides that "the court may, in its discretion, appoint private counsel to represent the plaintiff," D.C.Code § 30–308 (1981), and this court has held that an attorney so appointed may be awarded attorney's fees. *Britt v. Britt,* 153 A.2d 644, 647 (D.C.1959) (construing D.C.Code § 11–1608 (Supp. VII 1959) which is identical to present § 30–308). When the District of Columbia Court of General Sessions entered a consent order in 1964 directing Mr. Padgett to support Mrs. Padgett, it was fulfilling the District's obligations under URESA. *See Harris v. Kinard,* 443 A.2d 25, 27 (D.C.1982) (citing D.C.Code § 30–315 (1973)). URESA provides that "[t]he civil remedies herein provided are in addition to and not in substitution for any other remedies." D.C.Code § 30–303 (1981); *Figliozzi v. Figliozzi,* 173 A.2d 904 (D.C.1961). Under D.C.Code § 16–911(a)(4) the D.C. Superior Court has the authority to enforce the payment of alimony by attachment and garnishment to enforce collection of arrears in court-ordered payments. *See Campbell v. Campbell,* 353 A.2d 276, 278 (D.C.1976).[4]

■ The award of attorney's fees is discretionary with the trial court, and will be reversed only upon an "extremely strong showing [which will] convince this court that an award is so arbitrary as to constitute an abuse of discretion." *Darling v. Darling,* 444 A.2d 20, 23 (D.C.1982) (quoting *Ritz v. Ritz,* 197 A.2d 155, 156–57 (D.C.1964)). Attorney's fees may, in the trial court's discretion, be awarded to the losing party. *See Ritz v. Ritz, supra,* 197 A.2d at 157. Upon review of the record, we find no abuse of discretion by the trial court at the time it acted. *See McGehee v. Maxfield,* 256 A.2d 576, 579 (D.C.1969); *Darling v. Darling, supra.* When the trial court entered its order awarding attorney's fees, the writ had been dismissed and the evidence supported the trial court's findings that the legal services were warranted, that Mrs. Padgett's action was necessitated by Mr. Padgett's failure since 1973 to pay in accordance with the court order, and that Mr. Padgett was able to pay the $1000 attorney's fee and $10.64 in costs. The amount of the award was within permissible limits.[5]

■ Nevertheless, we think it appropriate to remand this matter to the trial court. Since the award of attorney's fees, this court has remanded the writ of attachment proceeding to the trial court for consideration of Mr. Padgett's "present financial condition and any other factors which may be relevant." *Padgett v. Padgett, supra,* 472 A.2d at 853. Depending on the trial court's determination, the writ for arrearages may or may not be enforced, and Mr.

may entertain motion for new trial and if trial court indicates desire to grant motion, this court can remand for that purpose).

**4.** Contrary to Mr. Padgett's contention, *Schlecht v. Schlecht,* 387 A.2d 575 (D.C.1978), which involved a foreign court order, does not bar Mrs. Padgett from seeking, through court-appointed counsel, to collect arrearages accrued after entry of a decree ordering support upon a URESA petition for such support. *Padgett v. Padgett, supra,* 472 A.2d at 852. Mrs. Padgett filed her URESA petition in 1964, and the court entered a consent order requiring Mr. Padgett to pay alimony to her. Thus, the arrearages from 1973 to 1982 accrued after the filing of the URESA petition.

**5.** Mrs. Padgett's attorney requested $2710.64: $2700 for attorney's fees, for 36 hours based on an hourly rate of $75.00, and $10.64 costs. (There was no dispute about the number of hours submitted for work on the writ and motion to quash). The trial court awarded $1000 in attorney's fees, based on $50 an hour; $800 was deducted for the unsuccessful result, and the trial court commented that Mrs. Padgett could absorb some of the costs.

Padgett's ability to pay the arrearages and the attorney's fees may or may not be affected. In any event, mindful of the nature of the underlying writ proceeding and of the trial court's proper reliance on Mr. Padgett's financial ability to pay the attorney's fees award, we think it would be inappropriate for the award to affect the remand proceedings.[6] Accordingly, we vacate the trial court's award of attorneys' fees and remand this matter for consideration by the trial court in conjunction with the remanded writ proceedings.

In her brief, counsel for Mrs. Padgett has requested suits costs and attorney's fees for legal services provided in this court. Since we are affirming the trial court on the substantive issue, Mrs. Padgett, as appellee, is entitled to suit costs unless we order otherwise. *See* D.C. App.R. 39(b). *See also id.* R. 39(g). We may also allow counsel fees for legal services in this court. *Thunberg v. Thunberg,* 283 A.2d 444, 445 (D.C.1971) (per curiam). Based on our review of the briefs and record before us, we conclude that a reasonable fee in this case is $500. Accordingly, appellant is directed to pay to appellee's counsel $500 for legal services rendered in this court.

*Affirmed in part, vacated in part, and remanded.*

---

6. Had Mrs. Padgett's attorney filed a request for attorneys fees in the writ proceeding prior to appealing, *see supra* note 2, this matter could have been addressed in the first appeal. Absent such consideration we are disinclined to perpetuate unconsolidated consideration of the issues involved in the litigation between the parties.