Shelton TAYLOR, et al., Appellants,

v.

**FIRST AMERICAN TITLE COMPANY, Appellee.**

No. 85–10.

District of Columbia Court of Appeals.

Submitted Jan. 30, 1986.

Decided March 14, 1986.[1]

Shelton Taylor, pro se.

Lisa J. Dessel, Washington, D.C., for appellee.

Before NEBEKER, ROGERS and STEADMAN, Associate Judges.

PER CURIAM:

This is the latest in a series of appeals arising from a suit for possession of real estate by plaintiff-appellee, First American Title Company, against defendant-appellants, the Taylors. Appellants challenge the trial court's disbursal to appellee of funds paid by appellants under a protective order. They contend they were entitled to five days notice of the disbursal hearing and to an evidentiary hearing prior to the disbursal. They also contend the trial court lacked jurisdiction to release the funds pending their appeal of the disbursal order. We affirm.

■ Relying on Super. Ct. L & T R. 13(c) and *Battle v. Nash*, 470 A.2d 1252, 1254 (D.C.1983), appellants contend they did not receive appellee's motion for release of the funds in the court registry and request for a hearing more than five days before the disbursal hearing. They claim they filed a change of address with the court and appellee, and appellee's failure to serve the motion to the correct address resulted in the trial court's failure to comply with the five day requirement of Rule 13(c). Appellants have the burden to provide an adequate record on appeal, *Cobb v. Standard Drug, Inc.*, 453 A.2d 110, 111 (D.C.1982). Nothing in the record establishes they informed appellee of their change of address. But even if they had proven appellee knew of their change of address, they have not asserted any facts "not apparent upon the record" which would trigger the operation of Rule 13(c). The trial court had entered

---

**1.** The decision in this case was originally released as a Memorandum Opinion and Judgment. This opinion is now being published pursuant to this court's order granting the motion of appellee for publication.

judgment of possession for appellee, and hence appellant's plea of title had been disposed of.

■ The trial court "must hold an evidentiary hearing to determine how the payments [made under a protective order] should be allocated" only " 'if the trial of the case, itself, does not determine the proportionate rights of the parties.' " *City Wide Learning Center, Inc. v. William C. Smith Co.*, 488 A.2d 1310, 1314 (D.C.1985) (quoting *Dameron v. Capitol House Associates Ltd. Partnership*, 431 A.2d 580, 583 (D.C.1981)); *see Goodwin v. Barnes*, 456 A.2d 1246, 1247 (D.C.1983); *McNeal v. Habib*, 346 A.2d 508, 514 (D.C.1975). According to appellants, because they submitted evidence of housing code violations when the trial court imposed the protective order, the court could not disburse the protective order funds before taking evidence on the current condition of the house; they rely on *Javins v. First National Realty Corp.*, 138 U.S.App.D.C. 369, 380, 428 F.2d 1071, 1082, (1970). We disagree. Assuming appellants were tenants at will after foreclosure, they were not in a contractual relationship with appellee, which purchased the property at foreclosure, and therefore *Javins* does not apply.[2] *Cf. Simpson v. Jack Spicer Real Estate, Inc.*, 396 A.2d 212, 214 (D.C.1978) (D.C. Rental Accommodations Act, D.C. Code §§ 45–1631–1674 (1978 Supp.) does not apply to tenants at will); *Surratt v. Real Estate Exchange*, 76 A.2d 587, 588 (D.C.1950) (D.C. Emergency Rent Act, D.C. Code § 45–1605(b) (1940 Supp.) (same). Thus, appellee had no obligation with respect to appellants to correct housing code violations. Further, since appellants' appeal from the judgment granting possession to appellee was dismissed and the proceedings prior to the disbursal hearing had determined the proportionate rights of the parties, appellee was entitled to the disbursed funds for the fair use and occupancy of the dwelling during the fourteen months of litigation. *See Turner v. Day*, 461 A.2d 697, 699 (D.C.1983).

■ Finally, appellants maintain incorrectly that the trial court did not have jurisdiction to release the funds to appellee pending their appeal of the decision to disburse the funds. Although the trial court lacks jurisdiction to reopen a judgment once an appeal has been perfected, *Padgett v. Padgett*, 478 A.2d 1098, 1099 (D.C.1984), the trial court retains the power to execute a judgment or dispose "of other matters which do not result in revocation or alteration of the judgment on appeal." *Id.* at 1100; *see De Foe v. Weaver Brothers*, 108 A.2d 94, 95 (D.C.1954); *Laughlin v. Berens*, 75 U.S.App.D.C. 409, 412, 128 F.2d 23 (1942). Appellants did not seek a stay of the execution of the judgment by obtaining a stay or injunction pending appeal. *See* D.C.App.R. 8; Super.Ct.Civ.R. 62, 62–I.

Accordingly, since appellants' other contentions are meritless,[3] we affirm.

*Affirmed.*

■

---

**2.** Prior to foreclosure, appellants owned the property, and only became tenants at will because appellees did not evict appellants immediately after foreclosure. Their status as the former property owners distinguishes this situation from one in which a landlord's property is foreclosed, and his or her former tenants become tenants of the new landlord. *See Administrator of Veterans Affairs v. Valentine*, 490 A.2d 1165 (D.C.1985).

**3.** Appellants argue the trial judge, Judge Walton, erred in striking their pleadings and entering judgment for appellee because this court had vacated the protective order. This court expressly permitted the trial court to take the action it did should appellants fail to make timely payments. *Taylor v. First American Co.*, 477 A.2d 227, 230 (D.C.1984). Appellants also contend appellee instituted the suit for possession in violation of a stipulation signed by appellants and the prior note holder which provided the note holder would not foreclose as long as appellants posted $333 each month, pending resolution of the earlier litigation. Appellants stopped making those payments after six months, and the trial court resolved the earlier litigation before appellee commenced the instant suit. *Taylor v. Frenkel*, 499 A.2d 1212, 1213 (D.C.1985).