**Josephine CANADA, Appellant,**

v.

**MANAGEMENT PARTNERSHIP, INC., Appellee.**

No. 89–CV–1404.

District of Columbia Court of Appeals.

Submitted Sept. 25, 1992.

Decided Jan. 8, 1993.

---

Eric R. Oalican, Law Student Counsel, David A. Wanger and Ann Marie Hay, were on the brief, for appellant.

No brief was filed for appellee.

Before FERREN, STEADMAN and FARRELL, Associate Judges.

STEADMAN, Associate Judge:

Appellee, Management Partnership, Inc. ("landlord"), filed a claim for unpaid back rent and damages in the Small Claims and Conciliation Branch of the Superior Court against appellant, Josephine Canada ("tenant"), who had already vacated the premises. At a 1988 trial, a hearing commissioner found for landlord in the amount of $932.00, covering the months of July through September 1986, plus $139.80 in attorney's fees.[1] On review, the trial court affirmed the judgment.[2] We granted tenant's application for review by this court pursuant to D.C.Code § 11–721(c) (1989).

We reject appellant's claims that, at the time of this proceeding, hearing commissioners had no jurisdiction to hear Small Claims cases, and that she was held liable for rent for an excessive period of time. However, we agree that the award of attorney's fees was erroneous and must be vacated.

I

█ In attacking the jurisdiction of hearing commissioners in 1988 to hear small claims cases, appellant argues that Super.Ct.Sm.Cl.R. 2 dictates which Superior Court Rules of Civil Procedure apply in

---

1. The judgment also provides for interest and costs, which we construe not to be included in the $139.80. The latter figure is 15% of the judgment, the percentage of attorney's fees requested by the landlord.

2. Tenant appeared at the Small Claims hearing and the subsequent review hearing *pro se*. Tenant was represented by present counsel after the review hearing in order to file a Memorandum in Aid of Review of Judgment and now on appeal.

Small Claims Court.[3] She observes that Super.Ct.Civ.R. 73(a)[4] implements D.C.Code § 11–1732(a) and (j) which is the statutory basis for the jurisdiction of hearing commissioners.[5] She then notes that at the time of the hearing before the commissioner, Super.Ct.Sm.Cl.R. 2 did not include Super.Ct.Civ.R. 73 among the rules listed. Thus, appellant argues that because D.C.Code § 11–1732(a) and (j) are "subject to the rules of the Superior Court" and because the Superior Court Rules of Procedure for the Small Claims and Conciliation Branch govern in Small Claims cases,[6] the fact that Super.Ct.Civ.R. 73 was not included in Super.Ct.Sm.Cl.R. 2 at the time of the hearing precludes its use as a jurisdictional basis for the hearing commissioner.[7]

This argument postulates that a court rule is a prerequisite to establish a jurisdictional basis for hearing commissioners to act in Small Claims cases. We disagree and think that such jurisdiction flows from the statute apart from Rule 73. In our view, D.C.Code § 11–1732(a) and (j)(5), by their own terms, constitute a direct statutory grant of jurisdiction to hearing commissioners, when specifically so designated by the Chief Judge and with the consent of the parties,[8] in the "Civil, Criminal, and Family Divisions of the Superior Court." D.C.Code § 11–1301 (1989) is specific in providing that "[t]he Small Claims and Conciliation Branch shall continue as a branch of the Civil Division in the Superior Court."

It is, of course, true that D.C.Code § 11–1732(a) and (j) provide at several points that hearing commissioners are "subject to the rules of the Superior Court." See note 5, *supra*. From these provisions, appellant asserts support for her argument that implementation by rule is essential to hearing commissioner jurisdiction. We think a more straightforward reading of the quoted phrase—and we are cited to, and find, no legislative history suggesting a contrary interpretation—is to make clear that hearing commissioners are to "perform the ... functions" authorized by the statute, *see* § 11–1732(j), in accordance with the Superi-

---

**3.** At the time of the hearing, Super.Ct.Sm.Cl.R. 2 entitled "Applicability of Certain Superior Court Rules of Civil Procedure" stated,

> Except where inconsistent with the Rules of this Branch or the expeditious and informal nature of proceedings therein, the following Superior Court Rules of Civil Procedure are applicable to actions brought in the Small Claims and Conciliation Branch of the Court: Rules 5, 6, 8, 9, ... [lists 48 other rules] 70, 71, 77, 79 ... [lists 10 more rules].

**4.** That Rule, entitled "Hearing Commissioners," in pertinent part states:

> (a) Powers; procedures. When specifically designated to exercise such jurisdiction by the Chief Judge of the Superior Court and when all parties consent thereto, a hearing commissioner may exercise the authority provided by D.C.Code § 11–1732(a) and (j)(5) (1987 Supp.) and may conduct any or all uncontested or contested proceedings, determine nondispositive and dispositive pretrial matters, make findings and enter final judgments and orders in a civil case, except that a hearing commissioner may not preside at a jury trial or exercise the contempt power....

The Rule in sections (b) and (c) also contains detailed provisions for the manner in which review of a hearing commissioner's order or judgment may be obtained.

**5.** D.C.Code § 11–1732(a) (1989) provides in pertinent part:

> With the approval of a majority of the judges of the Superior Court of the District of Columbia in active service and subject to standards and procedures established by the rules of the Superior Court, the chief judge of the Superior Court may appoint hearing commissioners, who shall serve in the Superior Court and perform the duties enumerated in subsection (j) of this section....

D.C.Code § 11–1732(j) (1989) provides:

> A hearing commissioner, when specifically designated by the chief judge of the Superior Court, and subject to the rules of the Superior Court and the right of review under subsection (k), may perform the following functions: ... (5) Subject to the rules of the Superior Court and with the consent of the parties involved, make findings and enter final orders or judgments in other uncontested or contested proceedings, in the Civil, Criminal, and Family Divisions of the Superior Court, excluding jury trials and trials of felony cases.

**6.** Super.Ct.Sm.Cl.R. 1 states that these rules govern in Small Claims cases.

**7.** Super.Ct.Sm.Cl.R. 2 was amended on April 22, 1991. Included in the amendment was the addition of Super.Ct.Civ.R. 73 to the list of rules therein.

**8.** It is not argued here that the hearing commissioner lacked such designation or party consent to sit on this case.

or Court procedural rules that apply to the setting in which the case is heard.[9] Furthermore, while jurisdiction is not dependent on Rule 73, the intended breadth of the rule is manifested in the Comment which provides that "[p]ursuant to D.C.Code § 11–1732, this Rule is applicable to proceedings in *all branches* of the Civil Division." (Emphasis added).[10]

In sum, we hold that the jurisdiction of properly designated hearing commissioners encompassed proceedings in the Small Claims and Conciliation Branch at the time of the proceeding here, as well as at the present time. See note 7, *supra.*

## II

■ Appellant also argues that she was not responsible for rent or damages to the apartment after the landlord knew that she was not in compliance with a consent judgment praecipe, signed by landlord and tenant, in which execution was stayed subject to payment of rent. *See* Appendix of Forms (Form 4) in Superior Court Rules of Procedure for the Landlord and Tenant Branch. Tenant admits that in failing to pay rent in July, 1986, she did not comply with the terms of the praecipe but asserts that she is not responsible for rent or damages after that point because the landlord could have, upon her failure to comply, sought a termination of the stay and obtained possession through a writ of restitution. We do not agree. Here the tenant had a continued right to possession under the stay, and upon default, the right to proceed under the praecipe to retake possession was only one of several options available to the landlord for nonpayment of rent. *See International Comm'n on En-*

*glish in the Liturgy v. Schwartz,* 573 A.2d 1303, 1306 (D.C.1990).

Tenant's reliance upon *Ostrow v. Smulkin,* 249 A.2d 520 (D.C.1969), is misplaced, since there the landlord had an enforceable judgment which constituted demand for immediate possession, and the tenants had expressly notified the landlord that they were surrendering the premises in accordance with the demand. Here the landlord's right to possession on default of rent required an election to take further procedural steps to lift the stay and the tenant never communicated to the landlord any proffer of surrender. Furthermore, the record before us indicates that the landlord was not aware of the tenant's actual vacating of the apartment prior to September 3; although the lease required thirty days written notice of termination, the landlord sought no rent after September 30.

## III

■ Finally, appellant challenges the award of attorney's fees to the landlord in this action. The landlord based its claim for such fees upon a provision in the lease agreement which read:

> If my rent is unpaid, or if I violate any of the provisions of the Agreement, MANAGEMENT may institute whatever legal action is deemed necessary, and proceed to recover possession of the apartment. If MANAGEMENT takes legal action to repossess my apartment, I will still be obligated to pay my rent, fees, or damages that I may owe, nothing contained hereunder shall be construed to limit any rights MANAGEMENT may have upon RESIDENT'S failure to pay rent on the

**9.** We do not deal here with a Superior Court rule which expressly addresses the question of hearing commissioner jurisdiction and restricts or particularizes it in a given circumstance to an extent less than encompassed by the statute.

**10.** We need not attempt to reconcile this Comment with appellant's argument that any Superior Court rules not expressly named in Super.Ct.Sm.Cl.R. 2 are perforce excluded and therefore no review provisions exist for Small Claims actions as contemplated by D.C.Code § 11–1732(k). That section in pertinent part provides that:

> a review of the hearing commissioner's order or judgment, in whole or in part, may be made by a judge of the appropriate division *sua sponte and must be made upon a motion* of one of the parties made pursuant to procedures established by rules of the Superior Court.

We think the Small Claims parties and the trial judge quite properly could look to Rule 73's review procedures as those most applicable within the meaning of the statutory provision.

first day of the month, and *I agree to pay MANAGEMENT'S reasonable attorney's fees awarded in such legal action.* (Emphasis added).

The tenant argued before the trial court, as she does before us, that an award of attorney's fees based on this lease clause would be in violation of 14 DCMR § 304.4 (July 1991), which provides in pertinent part:

> No owner shall place (or cause to be placed) in a lease or rental agreement a provision ... requiring that the tenant [of residential premises] pay the owner's court costs or legal fees.... This subsection shall not preclude a court from assessing court or legal fees against a tenant in appropriate circumstances.[11]

As we understand the record, the landlord argued to the trial court that the regulation, properly read, only prohibits clauses *requiring* that the tenant pay attorney's fees, and not those which (as landlord reads its lease clause) limit their application to such attorney's fees, if any, as a court of law may see fit to award.[12]

■ We need not resolve this dispute to determine this appeal.[13] We are dealing here with the inclusion of attorney's fees in a judgment of the Small Claims Branch, which are allowed only in very limited circumstances. *See* Super.Ct.Sm.Cl.R. 19.[14] In particular, such an award must be based upon a contractual agreement to pay such fees. Additionally, regardless of the terms of the agreement, by case law dating back prior to the enactment of the regulation at issue, the trial court retains discretion to determine the amount of attorney's fees that may be reasonable in the circumstances. *See Central Fidelity Bank v. McLellan,* 563 A.2d 358, 359–60 (D.C.1989), citing and quoting from *United States v. Reed,* 31 A.2d 673, 675 (D.C.1942).

Under Small Claims Rule 19, then, as we interpret it in light of *Central Fidelity,* in order for attorney's fees to be awardable in Small Claims actions, the right to such fees must be an absolute right flowing from the agreement, with the trial court's role limited to assessing their reasonable amount. Thus, the landlord's own assertion that the lease provision allows only those attorney's fees that may be optionally awarded by a court (thus not violating the regulation) defeats landlord's argument that attorney's fees should be awarded in this Small Claims action. The landlord does not have an absolute right flowing from the lease

---

11. The general principle that a lease provision can authorize an attorney's fee award is well-established. *See, e.g., Hagans Management Co., Inc. v. Nichols,* 409 A.2d 179, 182 (D.C.1979); *Sundown, Inc. v. Canal Square Assos.,* 390 A.2d 421, 430 (D.C.1978). These cases and others in this jurisdiction appear to involve commercial arrangements and in any event do not deal with the issue of the application of the regulation relied on here.

12. Landlord is not asserting that the tenant is simply agreeing to pay any award that may be made under the court's inherent power as defined in *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Rather, as we understand it, the landlord's interpretation of the clause is that the parties agree that the trial court may determine whether, and if *so how much,* attorney's fees should be recovered by the landlord, and the tenant agrees to pay whatever fees the trial court may so determine. The lease clause thus acts as an independent source of power in the trial court to award attorney's fees, but gives the landlord no absolute right to such fees. In this sense, the lease clause is the equivalent of a statutory provision authorizing, but not requir-

ing, the award of attorney's fees to a prevailing party, as contrasted to a statute that gives the prevailing party attorney's fees as of right.

13. Although the regulation relating to attorney's fees provisions in residential leases has been extant in very much its present form since 1955, we find no reported case interpreting its language, nor are we cited to any relevant legislative history.

14. That rule provides:

> No [attorney's] fees may be allowed as costs in an action in this Branch unless the plaintiff's attorney shall: (1) Exhibit to the judge the instrument or agreement upon which such claim is based; (2) certify in writing that the fee claimed is payable only and entirely to him, and that he has no agreement with the plaintiff and will make none whereby any part of such attorney's fees will be payable to anyone other than such attorney. Except for exceptional circumstances made known to the judge in open court, [attorney's] fees in this Branch may not be allowed in an amount exceeding 15 percent of the plaintiff's recovery.

and thus, the award here was in error.[15]

Accordingly, the judgment of the Small Claims Branch is modified by striking therefrom the award of attorney's fees, D.C.Code § 17–306 (1989), and as so modified is

*Affirmed.*

---

**15.** Landlord makes no argument that the regulation applies only to actions of possession, and not to simple actions for the recovery of rent. Cf. KENNETH J. LOEWINGER & R.J. TURNER, D.C. LANDLORD-TENANT LAW § 1.2p (1986) (asserting validity of lease provision permitting recovery of attorney's fees for actions for collection of debt after termination of tenancy). Likewise, the tenant does not argue that the lease clause is inapplicable to this litigation in any event, since this is not "legal action to repossess my apartment." The attorney's fees clause might be interpreted to apply only to repossession actions in that it provides, "[i]f MANAGEMENT takes legal action to repossess my apartment, ... I agree to pay MANAGEMENT'S reasonable attorney's fees awarded in *such* legal action." (Emphasis added).