Beren VEST, Appellant,

v.

UNITED STATES, Appellee.

No. 00–CF–205.

District of Columbia Court of Appeals.

Submitted Oct. 23, 2003.

Decided Nov. 6, 2003.

---

Kele Onyejekwe, appointed by the court, was on the brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, Elizabeth C. Coombe, and Suzanne Grealy Curt, Assistant United States Attorneys, were on the brief for appellee.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and KING, Senior Judge.

**PER CURIAM:**

Appellant pled guilty to contempt, D.C.Code § 11–944(a) (2001), based on his disobedience of an order entered by then-Magistrate Judge Macaluso requiring him, as a condition of pretrial release, to stay away from a specific block of Southeast Washington, D.C. His primary argument on appeal[1] is that violation of a condition of release set by a Superior Court magistrate judge (formerly known as a "hearing commissioner") is not a crime punishable under § 11–944(a). We reject that argument.

Pretrial release (or detention) in criminal cases is governed generally by Title 23 of the District of Columbia Code. D.C.Code § 23–1321(a) (2001) permits "a judicial officer" to set conditions of pretrial release. Citing § 23–1331(1), which defines "judicial officer," appellant argues that Superior Court magistrate judges do not fall within that definition. He is mistaken. Although the statute does not expressly include magistrate judges among those "authorized ... to bail or otherwise release a person before trial," it recognizes that the meaning of "judicial officer" may be "otherwise indicated"—*i.e.*, indicated by another statutory provision. D.C.Code § 11–1732(j)(2) expressly authorizes magistrate judges to "[d]etermine conditions of release pursuant to the provisions of Title 23 ...." *See generally Canada v. Management P'ship, Inc.*, 618 A.2d 715, 717 (D.C. 1993) (§ 11–1732 is a "direct statutory grant of jurisdiction to [magistrate judges]"). Magistrate judges are therefore judicial officers within the meaning of § 23–1331(1). Appellant's reliance on the failure of the statute expressly to mention

---

1. The government correctly acknowledges that appellant could bring this appeal despite his guilty plea. *See generally* 1A CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 175 (3d ed. 1999) ("A defendant who has pleaded guilty may still contend that the indictment or information failed to state an offense."); Super. Ct. Crim. R. 12(b)(2) (claim of failure to charge an offense can be raised at any time during pendency of proceedings).

magistrate judges would, in effect, render § 11–1732(j)(2) a nullity by making it unenforceable through contempt. *See Veney v. United States,* 681 A.2d 428, 433 (D.C. 1996) (en banc) (where possible, a statute should be construed to give effect to all of its provisions); *Carey v. Crane Serv. Co.,* 457 A.2d 1102, 1108 (D.C.1983) ("Statutory provisions are to be construed not in isolation, but together with other related provisions"), citing *United Mine Workers of Am. v. Andrus,* 189 U.S.App. D.C. 110, 114, 581 F.2d 888, 892 (1978).[2]

 Appellant's related arguments are equally without merit. D.C.Code § 11–944(a) was a proper vehicle for prosecuting him for violation of the magistrate judge's stay away order, even though he might have been prosecuted as well under D.C.Code § 23–1329. *See Caldwell v. United States,* 595 A.2d 961, 965 (D.C. 1991). Further, since § 11–944(a) permits "a judge [of the Superior Court]" to punish for disobedience of a court order, and Judge Morin is a judge of the Superior Court (not a magistrate judge), appellant was properly convicted upon his plea of guilty.

*Affirmed.*

---

**2.** As the government points out in footnote 8 of its brief, by virtue of amendments to the Federal Rules of Criminal Procedure effective December 1, 2002, magistrate judges in Superior Court now fit even more unmistakably within § 23–1331(1)'s definition of judicial officer. *See* Fed.R.Crim.P. 1(b)(10)(B), 5(c)(1)(B). That change, however, does not alter the fact that they were reached by the statute in 1999—via the "otherwise indicated" language—when appellant pled guilty.