*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-CV-0403

JAMILA WEATHERLY, APPELLANT,

V.

SECOND NORTHWEST COOPERATIVE HOMES ASSOCIATION, INC., APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2022-LTB-000111)

(Hon. Heide Herrmann, Trial Judge;
(Hon. Todd E. Edelman, Reviewing Judge)

(Submitted April 26, 2023                    Decided October 31, 2023[*])

*Robert Maxwell* was on the brief for appellant.

*Daniel Costello* and *Jessica S. Blumberg* were on the brief for appellee.

Before BECKWITH and DEAHL, *Associate Judges*, and GLICKMAN, *Senior Judge*.

GLICKMAN, *Senior Judge*: Jamila Weatherly appeals from a nonredeemable

judgment for possession of a rental unit in which she has been residing. The unit is

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of appellee's motion to publish.

owned by appellee Second Northwest Cooperative Homes Association, Inc. ("Second Northwest"). The judgment was rendered after trial by Magistrate Judge Herrmann and was affirmed on review by Judge Edelman. Essentially for the reasons stated by Judge Edelman in his written order filed on May 27, 2022, we affirm the judgment.[1]

---

[1] Appellant filed her notice of appeal in this case on May 30, 2022. Nonetheless, on that same date, appellant also filed a motion on behalf of the Estate of Norma D. Weatherly to intervene in the Superior Court proceedings. Thereafter, appellant moved the Superior Court to stay the enforcement of the nonredeemable judgment of possession pending appeal. On July 1, 2022, Magistrate Judge Rahkel Bouchet granted both motions. Second Northwest then filed a motion for review of those rulings. On December 9, 2022, Judge Edelman issued an order denying the motion for review. In addition, although the instant appeal was still pending in this court and we had not remanded the case or the record to Superior Court for any purpose, Judge Edelman purported to vacate the judgment that was appealed to this court on May 30, 2022, and that is now before us on appeal. No appeal was taken from the judge's December 9, 2022, order. We called for supplemental briefing to address, *inter alia*, whether Judge Edelman had jurisdiction to vacate the judgment on appeal. We have received and considered the parties' supplemental briefs.

We hold that the Superior Court did not have jurisdiction to vacate the judgment of possession when it did, and that the judgment therefore remains in effect. "A party who has taken an appeal generally has no right to seek a reopening of a trial court's judgment, and the trial court lost jurisdiction over the ruling" on appeal. *Padgett v. Padgett*, 478 A.2d 1098, 1099-1100 (D.C. 1984) (internal citation omitted); *see also In re Estate of Derricotte*, 885 A.2d 320, 326 (D.C. 2005) ("A timely filed appeal divests the trial court of jurisdiction."); *De Foe v. Weaver Bros.*, 108 A.2d 94, 95 (D.C. 1954) (stating that the trial court "undoubtedly lost jurisdiction, after the appeal was noted, to revoke or alter that particular ruling"). The trial court's jurisdiction to render further rulings in this litigation extended only to matters that "do not result in revocation or alteration of the judgment on appeal." *Padgett*, 478 A.2dat 1100.

The material facts are not in dispute and the question before us is one of law, as to which our review is de novo.[2] Second Northwest is an incorporated cooperative association having the purpose, stated in Article II of its bylaws, of "provid[ing] its members" (individuals who purchase and own stock in the corporation) with rental housing on a nonprofit basis. To that end, the bylaws provide that Second Northwest "will offer *to the members* Occupancy Agreements on the dwelling units in the housing project" (emphasis added) that it acquired with funds contributed by subscribers to membership. One of those members was appellant's grandmother, Norma Weatherly, who had an Occupancy Agreement for Unit 204 at 405 N Street in Northwest Washington, D.C. Appellant, who is neither a member of Second Northwest herself nor a signatory to the Occupancy Agreement, lived in Unit 204 with her grandmother, as a member of the family.

Norma Weatherly passed away on October 10, 2021. Appellant Jamila Weatherly was appointed the executor (personal representative) of Norma Weatherly's estate. The order of appointment states that the decedent died intestate and that administration of the estate is unsupervised. We are given to understand

Accordingly, we proceed to decide the present appeal of the judgment of possession.

[2] *See, e.g.*, *Matthews v. District of Columbia*, 875 A.2d 650, 654 (D.C. 2005).

that the probate proceedings have not concluded and that appellant has not distributed or sold the estate's stock in Second Northwest; nor has appellant otherwise disposed of Norma Weatherly's contract rights under the Occupancy Agreement.  Nonetheless, since her grandmother's demise, appellant has continued to occupy Unit 204 and has refused to vacate it.  Despite appellant's nonmembership in Second Northwest and lack of any rental agreement to which she is a party, she claims to be entitled to live in Unit 204 by virtue of her status as Norma Weatherly's putative heir or as the executor of Norma Weatherly's estate.

The bylaws contain provisions specifically addressing the disposition of a membership in Second Northwest upon the death of a member.  Section 8 provides a sixty-day window following the member's death for "a member of his immediate family" who is an heir or legatee to become a member of Second Northwest by executing a Subscription Agreement and Occupancy Agreement and paying all amounts due thereunder.[3]  The bylaws thus explicitly contemplate that an heir will

---

[3] It may be doubted whether appellant would have been eligible to take advantage of this opportunity, inasmuch as the term "immediate family" generally refers to a person's parents, spouse, children, and siblings, *see Family*, BLACK'S LAW DICTIONARY (10th ed. 2014); *but see Williams v. Baker*, 572 A.2d 1062, 1069 n.16 (D.C. 1990) (en banc) ("We leave it to future cases, however, to determine the meaning of the term 'immediate family.'").  The parties before us have not raised or addressed this issue.

need to execute an Occupancy Agreement in order to assume the tenancy of a deceased member's rental unit. Appellant concededly did not take advantage of that opportunity, nor did she seek to do so even after the sixty-day window of opportunity closed.[4] We therefore do not see how appellant's status as an heir provides her with any right to reside in the unit following the death of her grandmother.

Appellant argues that the Occupancy Agreement nonetheless entitles her to reside in Unit 204 indefinitely because she is the executor of Norma Weatherly's estate. She relies on the paragraph in the Occupancy Agreement granting the right "*to have and to hold* said dwelling unit unto the Member, *his executors*, administrators and authorized assigns, on the terms and conditions set forth herein and in the Articles of Incorporation and By-Laws of the Corporation[.]" (Emphases added.) This language, appellant contends, means that as executor she has an absolute right to possess and occupy Norma Weatherly's dwelling unit (at least pending its sale or distribution in the administration of the estate).

This interpretation of the Occupancy Agreement is untenable, in our view, because it is inconsistent with the expressed intent of the bylaws to limit occupancy

---

[4] Section 8 goes on to provide that if the foregoing time-limited opportunity is not taken, and if Second Northwest itself does not purchase the membership from the deceased member's estate, then the "legal representative of the deceased member" may proceed to sell the membership. Appellant has not pursued that option either.

of rental units to members of Second Northwest and, upon the death of a member, to provide for the execution of a new Occupancy Agreement with another member. We agree with Judge Edelman that an executor's ability under the Occupancy Agreement "to have and to hold" the deceased member's dwelling unit under "the terms and conditions" of the bylaws is not plausibly interpreted to convey a right of indefinite occupancy to the executor as if the executor were herself a member of Second Northwest. Rather, as Judge Edelman put it, the "have and hold" provision is "most plausibly interpreted" to mean that the executor may exercise control over the property to the extent necessary "to wrap up the affairs of the deceased." While this may entail some right of entry by the executor at reasonable times to protect and preserve the unit and its contents pending their ultimate disposition in the administration of the estate (presumably along with the decedent's stock in Second Northwest), that hardly means the executor is empowered to reside in the unit as a member would be allowed to do, in the absence of an Occupancy Agreement.

For the foregoing reasons, we affirm the judgment for possession.

*So ordered.*